*BOSWELL vs. LAINHART ET AL.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The casual insertion in a bond of an additional clause or condition not contemplated by the legislature, will not bind the surety.

If a bond be taken with reference to a particular law, it must be construed by it.

By an act of the Legislature of 1828, Henry Lainhart was authorized to raise, by means of a lottery, the sum of six thousand dollars; provided that a bond, with sufficient security, to the Governor be given, conditioned for the faithful drawing of the same, and for the expending so much of the sum raised under the authority of the act as may be necessary for the construction, and the application to the use, of a steam-engine made according to his new mode of generating steam and applying it to the propelling of machinery. It was further enacted, that in consideration of the privilege granted, the said Henry Lainhart shall, before availing himself of the said privilege, assign over to the Governor and his successors in office, for the use of the State of Louisiana, the right of causing to be made and using steam-engines on the improved plan, invented by the said Henry Lainhart, for all works properly belonging to the State. In pursuance of this act, Lainhart entered into a bond, with William Gormley his security, in the penal sum of $12,000, with the con-

dition required by the act, and the further condition *that he would pay, and cause to be paid, according to the scheme of said lottery, all and every prize and prizes that should be drawn by tickets purchased and to be purchased in said lottery.* The plaintiff purchased a half-ticket, which drew a prize of $1000, which Lainhart refused to pay, and to recover which this suit was brought against him and his security Gormley. The court *a quo* gave judgment against Lainhart, and dismissed the suit as regarded the other defendant, Gormley. The plaintiff appealed.

*Seghers* for appellant.

*Preston,* for appellee, made the following points:

1st. The law provides only for a bond to secure that the lottery *shall be drawn*, and for the appropriation of $6000 of the profits to the improvement in steam.

2d. The condition that Lainhart should pay the prizes is null, because the Governor had no authority to take the same.—*M'Caleb* vs. *Maxwell, 5 Mass. Rep.* 191. 13 *Mass. Rep.* 262.

*Martin, J.* delivered the opinion of the court.

The plaintiff and appellant complains of the judgment of the District Court, which disallowed his claim on the defendant as surety of Lainhart, on a bond given by the latter to the Governor, in consequence of the privilege granted by the Legislature to raise a certain sum of money by lottery; the plaintiff being the holder of a ticket entitled to a prize. The penalty of the bond is $12,000.

By the act granting the privilege of a lottery to the defendant's principal, a bond with surety for the drawing of the lottery and the application of $6000 to a certain purpose, was required. The governor took a bond, with the further condition, that the prizes be faithfully paid. The District Judge thought the bond required by the Legislature was intended only for the security of the state to insure the

drawing of the lottery, and the faithful application of the proceeds to the use for which they were intended.

Eastern District,
May 1831

BOSWELL
vs.
LAINHART & AL

We think he did not err. The casual insertion of an additional clause, not contemplated by the Legislature; the smallness of the penalty, merely the double of the sum to be applied to the intended use, will leave the rights of the public absolutely unprotected, if the sum could be objected, as it would immediately be by the holders of the tickets.

*The casual insertion in a bond of an additional clause or condition not comtemplated by the legislature will not bind the surety.*

As to the principal debtor, there cannot be any doubt of his liability; but the surety bound himself only to pay the penalty to the state on certain conditions. The bond is taken with reference to the law, and must be construed by it. Nothing shews any claim under it to any part of the penalty by individuals.

*If a bond be taken with reference to a particular law, it must be construed by it.*

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.