Wyly, J.
Plaintiff recovered judgment against the succession of Charles Massieu on a promissory note for $10,000. A suspensive appeal was taken, and that judgment was affirmed by this court in 1873. After demanding, in vain, payment of this judgment from the legal representatives of the succession, the plaintiff instituted this proceeding by rule to compel John Palsey, the surety on the appeal bond, to *325 pay said judgment. Her demand was rejected in the court below, and she has appealed.
The first objection, that plaintiff can not proceed by rule, but must resort to a regular action, is answered adversely to the respondent in the textual provision of section 37 of the Revised Statutes, and the jurisprudence on the point is settled. See 5 An. 523; 10 An. 544, and numerous later decisions.
The second objection, the court was without jurisdiction, is also answered adversely to respondent, in precise terms, in section 3679 of the Revised Statutes.
The third objection, the rule is premature, the plaintiff not having exhausted her remedy against the principal debtor, is likewise untenable. It has been frequently held by this court, where the creditor can not take out execution against the principal on the appeal bond, as in this case, he may proceed directly against the surety. 1 An. 122; 10 An. 284, 544; 11 An. 78, 271; 20 An. 512; 25 An. 125.
The next, and really the only important question in the case is, is the surety on a suspensive appeal bond in an appeal taken by an administrator or an executor from a judgment for a specific sum of money liable for the debt in case the judgment is affirmed ?
Article 575 of the Code of Practice provides that: “If an appeal has been taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given, it shall stay execution and further proceedings, until definitive judgment be rendered on appeal; provided the appellant gives his obligation, with good and solvent security, residing within the jurisdiction of the court., in favor of the clerk of the court rendering the judgment, for a sum exceeding by one-half the amount for which judgment was given, if the same be for a specific sum, as security for the payment of the amount of such judgment, in case the same is affirmed by the court to which the appeal is taken.” * * *
In other words this article provides that for a suspensive appeal a bond exceeding by one-half the amount of the judgment, where the same is for a specific amount, must be given within ten days after judgment, as security for the payment thereof in case it is affirmed.
Article 576 provides : “If the judgment decree the delivery of some movable of a perishable nature, the court shall require security to an amount exceeding by one-half the estimated value of such movable.”
Article 577 provides that if the judgment be for the delivery of real estate, not of a perishable nature, surety shall only be required for an amount exceeding by one-half the estimated value of the.revenue thereof pending the appeal, and for such further amount as the judge *326 may determine as security for deterioration of the property during the same period.
These are the articles of the Code of Practice in relation to suspensive appeals. The ease at bar falls within the express provision of article 575. The judgment was for ten thousand dollars, “a specific sum,” and in our opinion a bond exceeding by one-half the amount thereof was required in order to obtain a suspensive appeal.
A bond for that amount was given within ten days, and the effect thereof is not impaired in consequence of the following clause inserted therein: “ This bond furnished is to serve only if the five hundred dollar bond previously furnished is declared or proved insufficient.” The bond was given in reference to the law, and stipulations unauthorized thereby will not invalidate it. 6 N. S. 498; 2 La. 397; 16 La. 173; 9 R. 535; 4 An. 372 ; 7 An. 571; 12 An. 68; 13 An. 604; 15 An. 551.
The respondent, however, insists that where a succession is appellant, a bond only for costs is required in order to obtain a suspensive appeal, and in support of this position he cites the case of the State ex rel. Gausson v. the Judge of the Second District Court, 21 An. 43. It is true that the decision of this court, delivered by Mr. Justice Ilsley, maintains this position on the authority of Blanchin v. The Steamer Fashion, 10 An. 345, and the State ex rel. Hickey v. the Judge of the Fourth District Court, 20 An. 108. These and other authorities were examined at length in the dissenting'opinion of Mr. Justice Taliaferro in that case. After carefully considering the opinion and the dissenting opinion in that case, we feel constrained to overrule it, believing the doctrine stated in the case of Blanchin v. The Steamer Fashion, which was followed in the case of. the State ex rel. Hickey v. the Judge of the Fourth District Court, is not applicable to a case like this, where a defendant, condemned to pay a specific sum of money, takes a suspensive appeal.
The case of Blanchin was this : He obtained judgment against the owners of the steamer Fashion, with privilege on the boat. Execution issued, the boat was sold and the proceeds thereof were in the hands of the. sheriff, pending several third oppositions of parties claiming a privilege superior to the seizing creditor.
The court of the first instance, by its decree, distributed the funds among these third opponents, giving the seizing creditor, Blanchin, no part thereof. He took an appeal, giving bond within ten days for one hundred and fifty dollars, the amount fixed by the court. The question was whether this, bond was sufficient for a suspensive appeal ? This court held that there were cases where the requirement of article 575 C. P., in regard to the bond exceeding by one-half the amount of the judgment, is inapplicable; that this expression applies to a judgment *327 where the appellant has been compelled to pay; that it seems inapplicable to a judgment where the appellant was condemned to pay nothing; that there was a judgment merely ordering the distribution of funds in the hands of the sheriff; 'that the appellant, Blanchin, was entitled to a suspensive appeal from the judgment which debarred him from a participation in a fund which had been provided by his own exertions; and that as there was no standard fixed by law for the bond and security to be given by him in obtaining such appeal, the judge obviously had the discretion to fix the amount of the ■ bond. In that case no judgment condemning Blanchin to pay “ a specific sum ” was sought or obtained. He had the right to appeal, and the fund in the sheriff’s hands should remain and not be distributed pending such appeal. This was necessary to protect his rights. Why should he give security for more than costs ? Why should he give bond and security for the fund in the hands of the sheriff? The.court very properly held that the case was not within the meaning of that part of article 575 C. P., requiring the amount of the bond to exceed by one-half the amount of the judgment, and as there was no standard fixed by law for the bond and security to be given in such a case, the judge could exercise his discretion. It would be unreasonable and manifestly unjust to compel a seizing creditor to give bond and security pending the litigation of a oonowsus for the funds in the hands of the sheriff. He might be driven by such a requirement to abandon his rights rather than incur such a responsibility.
The case at bar is entirely different. Here is no controversy for the distribution of funds in the hands of the sheriff, where there is no standard to fix the amount of the bond, because the appellant is condemned to pay no “specific sum.” On the contrary, the succession of Charles Massieu was sued on a promissory note, and it was condemned to pay plaintiff ten thousand dollars. The' case falls clearly within the provision of article 575 C. P., fixing a standard for the amount of a suspensive appeal bond. The law being clear and free from ambiguity, the letter thereof can not be disregarded under pretext of pursuing its spirit. Revised Code 13.
It is urged, however, that as a surety ought not to be bound to pay more than his principal is liable for, so that if he pays he may be fully subrogated, the respondent should "not be held liable for the full amount of plaintiff’s judgment, because at the final settlement of the succession of Massieu there may not be that amount due to plaintiff.
This fallacy lies in the assumption that the legal obligation of the succession on the note and judgment held by plaintiff is only commensurate with the ability of the succession to pay it. Such is not the case. The obligation of his principal, the succession of Massieu, a juridical *328 person, is to pay the whole debt, regardless of its ability to do so. The obligation of the executors, however, is to discharge faithfully their duties; they are not individually bound to pay any of the debts.
Our conclusion is that John Palsey, the respondent in the rule, is liable on the appeal bond for the amount of plaintiff’s judgment.
It is therefore ordered that the judgment appealed from be annulled, and it is decreed that the rule herein be made absolute and that the plaintiff recover of the respondent, John Palsey, the full amount of the judgment, interest and costs recovered heretofore by plaintiff against the succession of Charles Massieu. It is further ordered that appellee pay costs of both courts.
Rehearing refused.