VICKSBURG, SHREVEPORT and TEXAS RAILROAD Co. *v.* BARKSDALE et als.

15 465
109 499

15 465
e110 428
e110 448

An injunction bond improperly made payable to the Sheriff, his heirs and assigns, instead of to the defendants in the suit, is nevertheless sufficient to sustain any action in behalf of the real parties in interest.

The bond in such a case is only the evidence of a contract, which would exist were the bond lost, and the court will look at the petition for injunction and the order granting it, to find out what obligation the plaintiff in injunction and his surety assumed.

Injunctions, attachments, etc., are matters of strict law, and it does not follow that because a party has given an informal bond, that the same by proper averments and proof may not still be enforced by an action.

An action on an injunction bond is a sufficient putting " *in mora.*"

APPEAL from the District Court of the Parish of Jackson, *Richardson, J.*

*McGuire & Ray,* for plaintiffs and appellants. *S. L. Slack,* for defendants.

MERRICK, C. J. *Carroll, Pritchard & Co., Scott, Loring & Co.,* and the *Vicksburg, Shreveport and Texas Railroad Company* being judgment creditors, had seized under execution seven negroes as the property of *L. G. Calcoate,* their judgment debtor.

The defendant, *Barksdale,* obtained upon petition an order of injunction from the the District Judge, restraining the sheriff from selling the property seized, on condition that he should execute his bond, *according to law,* in the sum of $1500.

Instead of making the bond payable to the plaintiffs in execution, he and his surety, *Power,* made the same payable to *McElroy,* the sheriff, his heirs and assigns.

The condition of the bond is in these words : " The condition of the above obligation is such, that whereas the above bounden *David (Barksdale)* hath this day sued out an injunction in the Twelfth Judicial District, in and for the parish of Jackson, State of Louisiana, against the proceedings of the Sheriff of the parish and State aforesaid, and the District Court having fixed the amount of the bond to be given at fifteen hundred dollars : Now, therefore, if the said *David Barksdale,* or his security, shall well and truly pay all such damages as shall be decreed against the said *Barksdale,* in case it should be decreed that this injunction was wrongfully sued out and obtained, and in that case this obligation to be null and void, otherwise to remain in full force and effect according to law."

The plaintiff in execution moved to dissolve the injunction, and prayed for judgment for damages and interest against principal and surety, *in solido,* on the ground, " That no injunction bond had been executed in favor of these defendants, the real parties in interest in this case, as required by the order granting the injunction and the law."

This motion prevailed, so far as to obtain from the court an order that a new injunction bond should be given ; that the old writ of injunction should be set aside, and a new one should issue.

The new bond was not given and the case was dismissed on motion of the plaintiff in injunction.

The present suit was brought by the sheriff, *McElroy,* for the use of the plain-

59

tiffs in the executions, and also by them in their own rights, to obtain judgment against *Barksdale* and his surety, *Power* for fifteen hundred dollars damages and interest, &c.

The judgment of the lower court was in favor of defendant and plaintffs appeal.

The dilatory exceptions, relied upon in the lower court, appear to be waived.

The defendants rely upon their peremptory exceptions, the points under which we will consider in the order presented in their brief.

I. It is objected that *R. J. McElroy* has no right whatever to sue on the bond, having no real and actual interest in the same, either in his individual capacity, or for the use of others. The real parties interested in the bond are parties to the suit. The suit might be dismissed as to *McElroy*, and still there would be parties sufficient before us to maintain the action. The defendants made their bond payable to *McElroy*, sheriff, his his heirs and *assigns*. They cannot, therefore, complain if the sheriff should sue on the bond for the use of the real parties in interest, instead of formally assigning the same. Moreover, as under our law an agent may be authorized to sue on behalf of his principal, the appearance of the agent in the same suit with his principal would not be a just ground, we think, to turn both out of court on a peremptory exception.

Under this head it is further urged, that the name of *McElroy* was inserted in the bond without authority, and that the bond is, therefore, void, and cannot be the basis of an action in his favor.

The plaintiff in injunction had obtained an *ex parte* order from the judge for an injunction, on condition that he should give a legal bond. The defendants in injunction were not consulted as to the form of the order or the bond. The plaintiff instead of executing a bond as ordered, took out his writ of injunction, on a bond payable to *McElroy* and his assigns. The irregularity in the bond was the fault of the party who now seeks to avail himself of the defect.

In the case of *Biggs* v. *D'Aquin*, 13 An. 21 ; we said in a case of sequestration, that the writ was delivered to the party *upon his contract* to be responsible for the damages which the act may occasion.

So here, the defendant, *Barksdale*, knew from the Judge's order, and the law, that he was not to have the writ delivered him without engaging himself and his surety to pay such damages as may have been sustained by the defendant, in case it should be decided that the injunction had been wrongfully obtained. C. P. 304. And such is substantially the condition of the bond. Now, as the bond is only the evidence of the contract, which would exist were the bond accidentally destroyed, so the court is permitted to look not only to the bond but to the petition for injunction and the judge's order, to ascertain what obligation the defendant and his surety assumed in order to obtain the writ of injunction, and when we do so, we find no difficulty in concluding that the parties to the bond made it payable to *McElroy* as the agent of the defendants in injunction and under the expectation that he would *assign* it to the parties interested (as defendants had expressly authorized in the bond itself,) in the event of a breach of the bond. C. C. 1755.

They cannot be permitted to gainsay such agency, now that it has been accepted by the other party.

Injunctions, attachments, etc., are matters of strict law, and it does not follow that because a party has given an informal bond, that the same, by proper averments and proof, may not still be sufficient to maintain an action.

II. It is further objected, that *Carroll, Pritchard & Co.*, and the other co-

plaintiffs, have no right of action against the defendants, because they were not parties to the bond. This point has already been sufficiently considered. It may be added, that it was made the *duty* of the defendant, under the law and the order of the judge, to make them obligees in the bond, and he cannot make this breach of duty the means of escape from responsibility. C. C. 1749, 1750, 1753.

III. The third ground has already been considered, but defendant also argues, with much plausibility, that the plaintiffs, *Scott, Loring,* &c., who obtained a dissolution of the first writ of injunction on the ground of nullity, because the bond was not made payable to them, ought not now to be permitted to contradict their judicial admission. As already remarked, injunctions, attachments, and the like are proceedings *stricti juris,* and a bond may be informal and insufficient to maintain the proceeding when invoked by the party who gave the same, and yet not destitute of binding force when made the basis of a judicial proceeding by the opposite party to cover the damages sustained by him. So in this case, although the plaintiffs objected to the *form* of the bond in the original suit, yet they claimed damages in that action both against principal and the surety, who by law was also a party to the suit.

IV. The fourth ground is, that the defendants were not put *in mora* as required by law. The action itself is a sufficient putting *in mora.* Precisely the same thing is demanded in the action which would be demanded in a formal putting in default. C. C. 1905.

It may be remarked, that this case differs from the case of *Sears, Administrator,* v. *Braish,* 7 An. 539, in the fact that the defendant in this case had obtained the order of the judge and executed his bond under, though not in strict conformity to the same. In the case in the 7 An., the party who executed the appeal bond had obtained no order for an appeal. Hence there was no appeal, and the plaintiff in that case was not really delayed in his execution.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the exceptions filed by the defendants be overruled, and that the case be remanded to the lower court for further proceedings according to law, the defendants paying the costs of the appeal.