No. 9726.

M. SCOOLER vs. W. ALSTROM.

An attachment bond made payable "unto James T. Clark, Clerk of the Civil District Court and his successors in office," etc., is a bond in favor of the clerk of that court as required by the law, and is not invalidated by the fact that Clark had ceased to be clerk and had been succeeded by another. The bond being judicial is to be construed according to the law under which it was executed; and moreover, the terms "successors in office" clearly embraced the actual clerk.

Garnishees who provoke unnecessary litigation in resisting the enforcement of their obligations, must bear the costs when the decision is against them.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot, J.*

*Breaux & Hall* for Plaintiff and Appellee.

*Francis B. Lee* for Garnishee, Appellant.

The opinion of the Court was delivered by

FENNER, J.    Under a writ of attachment issued against the non-resident defendant, plaintiff made the Honduras North Coast Railway

and Improvement Company a party garnishee, and its answers disclosed that the corporation held for defendant 1150 shares of its own stock.

Judgment was rendered against defendant, with privilege on the property attached. Execution was issued, and the stock was sold thereunder and adjudicated to the plaintiff.

A rule was then taken upon the corporation to show cause why it should not accept the transfer of the stock and issue a certificate therefor in favor of the purchaser.

The sole objection urged by the garnishee is that the judgment was rendered against defendant upon void proceedings, in that the defendant was not cited and did not appear therein, and in that the attachment was insufficient to bind him or his property because issued upon a defective and illegal bond.

The only defect in the bond urged here is that it was made payable "unto *James T. Clark*, Clerk of the Civil District Court, and his successors in office," etc., whereas James T. Clark had then ceased to be clerk and had been succeeded by another.

Without expressing an opinion on the right of the garnishee to raise objections of this character, it suffices to say that the objection urged has no force whatever. The bond is a judicial bond executed in pursuance of Act 103 of 1870, requiring such bonds to be "made payable to the clerk of the court which issues the writ." It is well settled that judicial bonds are to be construed by the laws under which they are executed, rejecting surplusage and supplying omissions. Ricks vs. Gantt, 35 Ann. 923; Nugent vs. McCaffrey, 33 Ann. 272; Gibles vs. Lessor, 29 Ann. 272; Mason vs. Fuller, 12 Ann. 68; Slocomb vs. Robert, 16 La. 174; Webb vs. Thorn, Id. 196.

The insertion of the name of the former clerk was clearly surplusage. Besides, the bond, being in favor of "his successors in office," embraced the instant clerk.

The precise objection has been recently considered and pronounced of no merit. Schlieder vs. Martinez, 38 Ann. 847.

The garnishee's claim to be exempted from costs, even under a decision adverse to him, on the grounds that he is a mere stakeholder, that the question of his right to pay was doubtful, and that a contest and appeal were essential to his protection, has no force. He cites no precedent for excepting him from the general rule throwing costs on the defeated party; and even if we might, under proper circumstances, establish such an exception in favor of a garnishee, this case presents no claim to it.

We have examined all of the numerous cases cited by him, as justifying his doubts of the validity of an attachment based on such a bond, without finding one tending in that direction; any more than his citation of Wilkinson vs. Broughton, Manning's Unr. Cases, 243, supports his contention that the judgment on his rule of the district court was insufficient to protect him without an appeal to this Court. That authority merely held that a payment by a garnishee during the pendency of a devolutive appeal by the defendant from the judgment, would not discharge him if the latter were reversed on appeal. It has no bearing on the instant case, in which the defendant has never appealed in any way.

Judgment affirmed.