<hr/>

## No. 11,721.

### D. L. NORTHRUP VS. E. J. SULLIVAN ET ALS.

It is no ground for the dismissal of an appeal that the bond does not set out the residence of the surety. This is a matter for the consideration of the court granting the appeal. It is not necessary in an appeal bond to state that the surety will be responsible in default of the principal. This legal obligation he incurs by signing the bond.

Letters signed A. per B. are admissible in evidence to show what representations were made to a vendee by A. to induce him to purchase, when B. holds title to the land merely for the accommodation of A., or the party he represents as agent.

The thing sold is regarded in its entirety in estimating its value in relation to the price. Therefore it is error to exclude evidence as to the diminution of the number of acres sold in a suit to set aside the sale for this account. In such a case the rules of setting aside and annulling a sale on account of lesion do not apply.

Northrup vs. Sullivan et al.

APPEAL from the Tenth Judicial District Court for the Parish of Rapides.  *Andrews, J.*

*H. H. White* for Plaintiff, Appellant.

*Andrew Thorpe* and *T. H. Thorpe* for Defendant, Appellee.

Argued and submitted March 11, 1895.
Decided March 25, 1895.
Rehearing refused April 22, 1895.

The opinion of the court was delivered by

McENERY, J. The appellee has filed a motion to dismiss the appeal on the grounds:

1. That the appeal bond does not state that the surety thereon resided within the jurisdiction of the court which granted the appeal.

2. The condition in the bond is not such as the law requires.

The matter of complaint on the first ground is for the consideration of the lower court. If the surety is not a resident within the jurisdiction of the court granting the appeal, the attention of the court should have been called to the fact.

As no objection was made to the qualification of the surety in the court below, we will presume that he was a good and sufficient surety, both as to solvency and residence.

On the second ground, the objection urged is that the bond omits, after stating that the principal should respond to it, that the surety, on his default, shall be liable in his place.

This is the legal obligation the surety incurs in signing the bond, and we see no reason why it should be incorporated in the bond. It is true the Code of Practice prescribes this as a part of the form of the bonds, but it is only the assertion of the legal obligation of the surety.

The bond, in all respects, substantially complies with the law.

The motion to dismiss is denied.

## MERITS.

The defendant sold to the plaintiff several tracts of land for the price of $11,800. This suit was brought to rescind the sale on account of fraud and misrepresentation as to the character and value of the land, and that there was a deficiency in acreage of 430 acres, and the defendant paid $11,800 for 1180 acres of land, and only received seven hundred and fifty acres. It is alleged that the lands to which he received no title are the most valuable and the others are overflowed lands, timberless and valueless.

A motion was made to strike out parts of the petition; a plea of estoppel and a plea of no cause of action were filed. These were referred to the merits. We will not pass upon these pleadings, as the view we take of the case will make any special attention to them unnecessary.

The answer denies the allegations of the plaintiff, specially with reference to fraud and misrepresentation, and that one Strous, who negotiated the sale, was the agent of the defendant, but affirms he was in fact the agent of the plaintiff.

The answer further avers that the contract was one of exchange of movable for immovable property, and plaintiff can not demand a rescission of the sale on account of lesion; and also that plaintiff is estopped from alleging misrepresentation, as there was an exchange, and the deed from the defendant to plaintiff was only the consummation of the exchange agreed upon, and that the length of time between the two acts was sufficient for plaintiff to inform himself as to the character and value of the land given in exchange for the movable property.

There were several calls in warranty, which were dismissed.

The case was tried by jury, and there was a verdict for defendants, upon which judgment was rendered, from which plaintiff appealed.

In Mrs. Schmalinski's answer to a call in warranty she asserted title to the property sold by defendant to plaintiff, in consequence of the decree of this court in the case of Ashley vs. Schmalinski, 46 An. 499.

A part of the lands in controversy in that case and in this, were the lands given to Strous for negotiating the fraudulent sale with Mrs. Ashley. While that case does not control this in all its phases

it is so closely allied to it that some of the facts recited in the opinion may be referred to in the elucidation of this case.

In that case we ascertained that Strous and Loomer were confederates in the fraud practised upon Mrs. Ashley. The lands transferred to this plaintiff were those given to him for negotiating the sale with Mrs. Ashley, and were by him transferred to Loomer, who transferred them to the defendant, who sold them to, or, as defendant claims, exchanged them with the plaintiff. The transfers from Strous to Loomer, and from him to Sullivan, were in quick succession. Sullivan, in his testimony, says he was only nominally the vendee of Loomer, and that he took title to the property only for his convenience. But he vigorously defends the suit as a real party in interest.

The evidence satisfies us that Strous was the agent of Loomer, or of Sullivan, or more likely he was the principal in negotiating the sale with the plaintiff. He was plaintiff's agent only in accepting title.

Letters written to the plaintiff and signed "Strous per Sullivan" were offered for the purpose of showing the false assertions made to plaintiff in relation to the lands. They were objected to on the ground that Sullivan's connection with them had not been shown. The objection was sustained and the letters were rejected.

The letters ought to have gone to the jury. Sullivan, if his statement is true, had no interest in excluding them from the case.

Strous, according to the record, represented somebody. It only could have been Loomer or Sullivan. If Sullivan held the lands only for Loomer's convenience, Strous represented Loomer, and as Loomer's agent, the letters were admissible, as to what representations he made in reference to the sale that he was authorized to make. Neither Sullivan nor Loomer deny the agency of Strous in negotiating the sale, except the averment that he was the agent of plaintiff, which was not the fact. The close relationship of the parties in this transaction, and the attendant circumstances relating to the sale of the lands, are so suspicious that we are inclined to believe that the act of one was the act of all, and at least, between Loomer and Strous, the sale was a joint venture.

On the theory of plaintiff that the transaction was an exchange, no evidence as to the diminution of acreage was permitted to go to the jury. This was error. Lesion has reference to the relative value

of the thing sold to the price given.  The thing sold is regarded as an entirety in estimating its value.  In this case there is no place for the application of the article of the Code for avoiding a sale on account of a lesion.

The plaintiff, as one of the grounds for rescinding the sale, alleges that he did not get what he bought, the vendee having no title to the thing sold.  Arts. 2662, 2667, C. C.

It is immaterial, however, whether there was a sale of the land or an exchange.  The law applicable to the issues presented is the same under either contract.

We will remand the case.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and it is now ordered that this case be remanded to be proceeded with in due course of law, and with reference to the views herein expressed; all costs to abide the final determination of the cause.