## No. 11,750.

### STANDARD COTTON SEED OIL COMPANY VS. PETER MATHISON.

Mention in the caption of a writ of attachment of an improper judicial district, in one of the country parishes of the State, is not such a radical error as will authorize the dissolution of the writ on the motion of defendant.

A PPEAL from the Seventh Judicial District Court, Parish of East
Carroll.  *Montgomery*, J.

---

*Charles S. Wyly* and *Gus A. Breaux* for Plaintiffs, Appellants.

---

*Leonard K. Barber* and *C. F. Davis* for Defendant, Appellee.

---

Argued and submitted March 29, 1895.
Decided April 8, 1895.

---

The opinion of the court was delivered by

WATKINS, J.   From a judgment dissolving plaintiffs' attachment
the company has appealed.

From the record, it appears that plaintiff filed suit against defend-
ant on open account for two thousand nine hundred and eleven dol-
lars and eighty-eight cents on the 7th of November, 1893, accom-
panied by a writ of attachment, and also upon a note and mortgage
securing two thousand dollars of that amount, less a credit of two
hundred and fifty dollars.

That under the petition, oath and bond, a writ of attachment was
issued on the following day, the 8th of November, 1893, and de-
fendant's property was attached.  On the 20th of December, 1893,
defendant's counsel filed a motion to dissolve the attachment on
grounds it is needless to enumerate.  This motion remaining undis-
posed of until the 5th of April following, defendant supplemented
his motion to dissolve on the new and additional ground that it pur-
ported to have issued from the *Eighth* Judicial District, of which the
parish of East Carroll formed no part, said parish forming a part of
the *Seventh* Judicial District.

That upon the same day (April 5, 1893), during the pendency of
said supplemental and original motions to dissolve, another writ of
attachment was issued, and thereunder the same property was at-
tached.

That the original and supplemental motions were set down for
trial, and upon the trial thereof judgment was rendered dissolving
the original writ of attachment.

That immediately after the rendition of the judgment dissolving

he original writ of attachment the defendant filed a motion to summarily dissolve the second writ, on the ground that it issued without bond and affidavit, and on the trial, on the following day, judgment was rendered dissolving it also, the attachment bond being held to be applicable only to the first writ issued.

The plaintiff appealed from both judgments.

In this situation of the case, the defendant filed a motion to dismiss the appeal from the first judgment, on the ground that the plaintiff and appellant had acquiesced therein by abandoning the first writ of attachment by causing the second one to issue *pendente lite*, the statement of the motion being, substantially, that on the same day that the supplemental motion to dissolve was filed, and before the trial thereof, plaintiff abandoned the old writ by causing the new one to be issued and same property to be attached.

The further statement is that upon the *following* day the aforesaid judgment was rendered dissolving the writ. The motion further states, viz.:

"Now your appearer respectfully submits that by taking out the second writ of atttachment in the manner aforesaid, plaintiff abandoned the first writ, and acquiesced in the *pro forma* judgment dissolving the same."

In the alternative the attorney for the appellee requests this court to dismiss the appeal, for the reason that the two judgments are embraced in one order of appeal, and are covered by a single appeal bond.

In our opinion the motion can not prevail; as on appellee's own showing the *alleged acquiescence preceded* the judgment by one day; and that is no acquiescence at all. Taking appellee at his own appreciation of the issuance of the second writ, it was good reason why he should have *withdrawn* his motion before trial and judgment. But after a formal trial on evidence adduced, and a judgment is pronounced in his favor, it comes with but indifferent grace from him to insist upon the dismissal of the plaintiffs' appeal, on the ground that the writ was withdrawn and the seizure abandoned the day before judgment was rendered in his favor.

We can not perceive any good reason why the single order could not appropriately embrace the two interlocutory decrees; or why it was necessary that plaintiff should furnish two appeal bonds. The

two writs, as well as the two rules and the two judgments, are germane, if not synonymous and simultaneous.

In our opinion there is much stronger reason for the application of the rule of acquiescence to the defendant, because of his having originally moved to dissolve the atfachment, on the ground that the sureties were insolvent and the affidavit untrue, and having long subsequently urged complaint of a clerical error in the writ of attachment.

On the merits the appellants' contention is that on the *heading* of the writ of attachment which was issued on the 8th of November, 1893, the number of the judicial district is mentioned as the eighth, an incorrect, number while the number given in the writ which issued on the 5th of April, 1894, is the *seventh* district, the correct number; and that this mistake is purely *clerical* and the fault, if any, was imputable to the clerk of the court who issued the writ. That as soon as attention was attracted to this clerical error by the filing of defendant's motion on the 5th of April, 1894, the clerk issued another writ in which same is corrected, and this was served personally on the defendant. That as the suit was filed in the court of the *parish of East Carroll*, and accompanied by proper bond and affidavit, the error was apparent at a glance and perfectiy innocent in itself.

This error appears in the heading or caption of the writ thus, viz.:

> "STATE OF LOUISIANA.
> "Seventh Judicial District Court,
> "Parish of East Carroll, La.
>
> "STANDARD COTTON SEED OIL CO. ⎫
>   "vs. ⎬
> "PETER MATHISON." ⎭

The only evidence we have upon the question is that afforded by the *two writs* which were offered on the trial.

In our opinion the theory of the plaintiff is correct, and the pleadings, affidavit, order and citation must control and govern the phraseology which is employed in the caption of the *writ* of attachment.

If any estoppel or apparent acquiescence is raised on the fact that a supplemental writ was filed, it is met and neutralized by the fact that the plaintiff went into court on a motion to dissolve, which made no mention of the error, from which a like estoppel and acqui-

escence can, with equal propriety, be inferred, thus leaving the matter at large.

For the purpose of the discussion the second writ may be left entirely out of view, as nothing is claimed on that score. It was an unauthorized proceeding exclusively upon the motion of the clerk, more for his own protection than otherwise, we infer. And the fact that same was not preceded, and is wholly unaccompanied by any supplementary proceedings of any kind serves to strengthen this inference.

Defendant's counsel refer to the fact that the plaintiff appealed from both of the judgments, as evidence that he had acquiesced in the first judgment. If this were correct reasoning, the plaintiff occupied the unfortunate situation of being bound *whether he appealed or not.*

It is our understanding that an appeal is anything *other* than abandonment or acquiescence.

Of course, if there had been two different and distinct judgments rendered upon the *merits* of the case, or two judgments rendered at different country terms of court, which had the effect of dismissing the *suit*, one order of appeal would not answer. Indeed the *renewal* of the suit, after it had once been dismissed as of non-suit, is a plain acquiescence in the *dismissal* of the first on exception.

This is the meaning of the ruling of the court in Priestly vs. Shaughnessy, 10 An. 455, cited by defendant's counsel.

We are of the opinion that this comes within the principle announced in Driggs vs. Morgan, 10 R. 124, in which the court held that a *citation* issued from the District Court of the parish of Point Coupee requiring the defendant to file his answer in the office of " *the court of the parish,*" was good and sufficient notwithstanding there was a parish as well as a district court in that parish at the time. Certainly the confection of a citation—the body of it—is of far more importance than the caption of a writ of attachment.

The Code of Practice points out and defines the essentials of citation, and amongst them it declares that it "must mention   *   *   * the name or the title of the court before which the defendant is cited to appear." Art. 179.

But it makes no provision of any *formula* for the writ of attachment. It merely says that " an attachment   *   *   * is a mandate which a creditor obtains from a competent judge," etc. Art. 239.

It has been held that a bond made payable to a person not the clerk of the court is good.   Schlieder vs. Martinez, 38 An. 849; Scooler vs. Alstrom, 38 An. 907; Thorp vs. Waggner, 26 An. 318.

In the recent case of Dinkelspiel Sons vs. Woolen Mills, 46 An. 576, we reversed a judgment dissolving an attachment on the ground that the affidavit was defective, and in our opinion we said:

"The word itself is not used, but that which constitutes knowledge is distinctly stated and embraced in the affidavit.   The Code does not exact that identical words used in it shall be inserted in the affidavit.   If the affiant uses language equivalent to that of the Code the law is satisfied."

Considering the foregoing constructions which this court has placed upon the phraseology of citation, bond and affidavit for attachment, we feel instructed to give a like liberal interpretation to phraseology of the writ of attachment for a stronger reason.

Our conclusion is to reverse the judgment and reinstate the case.

It is therefore ordered and decreed that the interlocutory decree dissolving plaintiffs' *original* writ of attachment be annulled and reversed; and it is further ordered and decreed that the *said* writ of attachment be and the same is reinstated, and the proceedings are remanded to the lower court to be prosecuted according to law and the views herein expressed, the cost of appeal to be taxed against the defendant and appellee.