(61 South. 777.)

No. 19,079.

Succession of CAMPBELL.

(April 14, 1913.)

*(Syllabus by Editorial Staff.)*

1. EXECUTORS AND ADMINISTRATORS (§ 531*)— BONDS—REMEDY OF SURETY.

The remedy of a surety on the bond of an administratrix of a succession who no longer desires to continue as surety is to ask to be released, and he may not require the administratrix to file an account or in default be dismissed from office.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2406–2430; Dec. Dig. § 531.*]

2. BONDS (§ 1*)—VALIDITY.

A judicial bond given where the law does not require any is not binding.

[Ed. Note.—For other cases, see Bonds, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. GUARDIAN AND WARD (§ 15*)—NATURAL TUTRIX—BOND.

A natural tutrix is not required to furnish bond.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 56–64; Dec. Dig. § 15.*]

4. EXECUTORS AND ADMINISTRATORS (§ 531*)— BONDS—TERMINATION OF LIABILITY.

A bond of a tutrix administering the succession of her deceased husband becomes functus officio when the debts of the succession are paid, and she then resumes her quality of mere natural tutrix.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2406–2430; Dec. Dig. § 531.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

In the matter of the succession of F. J. Campbell, deceased. Rule by the American Bonding Company, the surety on the bond of

Mrs. Mary M. Campbell, tutrix administering the succession, to show cause why she should not file an account of her administration, and in default be dismissed from office. From a judgment denying relief, the American Bonding Company appeals. Affirmed.

W. H. McClendon, of Amite, and Solomon Wolff, of New Orleans, for appellant American Bonding Co. R. C. & S. Reid, of Amite, for appellee.

PROVOSTY, J. The American Bonding Company, surety on the bond of Mrs. Mary M. Campbell, tutrix administering the succession of her deceased husband, F. J. Campbell, instituted three separate proceedings against her: One, a suit against her in her representative capacity, to recover $150 alleged to be due for premiums on the bond furnished for her; another, a rule on her individually to show cause why the plaintiff in rule should not be released from her bond and she required to give new security; and another rule on her to show cause why she should not file an account of her administration of the succession of her husband, and, in default of her doing so, be dismissed from her office of tutrix. The suit for the recovery of the premiums was put at issue and tried, and so was the rule to show cause why an account should not be filed; but the other rule was never put at issue or tried; at least, so far as the record shows. Judgment went against the plaintiff in both the cases that were tried. From the judgment in the suit for the recovery of the premiums an appeal was taken to the Court of Appeals; from that on the rule, to this court. The argument in plaintiff's brief would seem to cover all three proceedings; but we are concerned only with the rule appealed to this court.

[1] An exception of no cause of action was filed to it, and, at the same time, an answer; and the exception and the answer seem to have been tried together; and it is not possible to know from the record upon which of two pleas, the exception or the answer, the judgment of the trial court is based. We think that the exception of no cause of action was good, since we do not see what interest the surety on the bond of the administratrix of a succession can have in requiring her to file an account of her administration. The remedy of a surety who no longer desires to continue such is to ask to be released.

The defense set forth in the answer to the rule is that the defendant has paid all the debts of the succession of her husband, and that as natural tutrix of her children she is not required to furnish any bond, and that if she furnished one it would bind nobody.

[2, 3] A judicial bond given in a case where the law does not require any is not binding on anybody (Aucoin v. Guillot, 10 La. Ann. 124; Scooler v. Alstrom, 38 La. Ann. 907; Cotton Seed Oil Co. v. Mathison, 47 La. Ann. 715, 17 South. 251; St. Charles Ry. Co. v. Fidelity & Deposit Co. of Maryland, 109 La. 498, 33 South. 574), and a natural tutrix is not required to furnish bond.

[4] So that the bond on which the plaintiff went surety became functus officio the moment that the tutrix paid all the debts of the succession of her husband, and thereby resumed her quality of mere natural tutrix, and lost that of tutrix administering. If therefore all the debts of the succession have been paid, there can no longer be any question of bond or of liability of surety.

Whether all the debts have been paid does not satisfactorily appear from the record. The only evidence on that point consists of two admissions. One of them refers to the answer in the suit for the recovery of the premiums; the other refers either to this same answer or to some answer in some other suit; it is impossible from the admission itself, or from the context, to say which. In both cases the admission is that the aver-

ments of facts contained in the answer referred to are true. The answer to the suit for the recovery of the premiums does not aver that all the debts of the succession have been paid, but only that the debts of those of the creditors who required bond to be given have been paid. The only other answer we find in the record is the one to the rule itself on the trial of which the admission was made—the rule now before this court for consideration. The latter answer does aver that all the debts have been paid. In view of the uncertainty of the evidence on this point, we rest our decision exclusively upon the exception of no cause of action.

Judgment affirmed.