## CUTRER v. SMITH.
### No. 962.

Court of Appeal of Louisiana. First Circuit.

June 8, 1932.

Chas. Elliott, of Amite, for appellant.

Reid & Reid, of Hammond, for appellee.

LE BLANC, J.

J. L. Cutrer, the plaintiff herein, obtained a personal judgment against M. H. Smith, under which a stock of merchandise belonging to the latter was seized. Following the seizure, Smith brought a direct action against Cutrer praying for an annulment of the judgment rendered against him on the ground that same had been obtained on testimony that was utterly and entirely false and untrue. With the prayer for the annulment of the judgment, there was also one for a rule nisi for an injunction to prevent the sale of the goods that were under seizure, and for a temporary restraining order pending the hearing on such rule. Petitioner further prayed for an order permitting him "to bond the seizure pending the hearing of said rule for injunction in a sum to be fixed by the Court."

In acting on the application for injunctive relief, the district judge granted an order for the rule nisi, and also for a temporary restraining order upon plaintiff furnishing bond in the sum of $175. The order then directed that the "seizure be released pending a hearing herein, upon plaintiff furnishing an additional bond in the sum of one hundred and seventy-five dollars conditioned for the payment of said judgment and costs in full, in case this suit should be decided against him."

Following the granting of the order referred to, M. H. Smith, the plaintiff in that suit, produced a bond in the sum of $175, in which he and C. T. Smith, defendant in this suit, bound themselves in solido, the latter as surety, under the following terms as we find written therein:

"Whereas, the said M. H. Smith has this day presented a petition to the Honorable Twenty-first judicial District Court of Louisiana, for the Parish of Tangipahoa, praying for an order to bond the seizure herein levied, directed to the Sheriff of the Parish of Tangipahoa, ordering him to release the seizure herein upon plaintiff furnishing bond,

"Now the condition of the above obligation is that we, the above bounden principal and security will truly pay to the said J. L Cutrer, defendant in said suit, the amount of his judgment, interest and costs, in case it should be decided that the injunction herein sought was wrongly obtained, and the judgment herein sought to be annulled should be decreed valid and binding."

On the trial of the rule nisi, the district judge sustained an exception of no cause of action and dismissed the application for injunction. Cutrer, now contending that the effect of the judgment denying the injunction was to uphold the validity of his personal judgment against M. H. Smith and that he had a cause of action against C. T. Smith, surety on the bond, which he alleges constituted a conventional obligation, brought this present suit against the latter, praying for a personal judgment against him for the full

amount decreed in the judgment against M. H. Smith, with interest and costs.

C. T. Smith's defense to this suit is that there is no law providing for such a bond as that under which he is sought to be held, and, in the alternative, should it be decreed to be a forthcoming bond, that the requirements of the law providing for such bonds, preliminary to holding him as surety thereunder, have not been complied with.

From a judgment in the district court dismissing his suit, the plaintiff has appealed.

The issue involves the interpretation of the bond that is before us.

 Plaintiff seems to have pitched his case on the theory that he holds a conventional obligation which he can enforce against C. T. Smith, whom he contends has bound himself in solido with M. H. Smith. He makes his contention from the very wording of the bond itself, which provides an obligation on the part of those who executed it to pay him the amount of his judgment, with interest and costs, if it be decreed to be valid and binding. A mere reading of the preamble which we have purposely quoted in full, and which clearly sets forth the reason and object of the bond, can leave but little doubt, however, that it was given to release property from seizure, and as such, even though it does not closely follow the language thereof, was intended as a bond to be given under the provisions of Act No. 109 of 1880, and under which it was authorized. Besides that, it was taken out under an order of court and is clearly a judicial bond.

As a bond under the act referred to, it is deficient in some respects. In the first place, instead of being made in favor of the sheriff as required under the act, it is made payable to J. L. Cutrer, defendant in the suit. It also lacks conformity with the wording of the statute regarding the condition, in that it simply binds the principal and his surety to pay the judgment in the event the court decreed that the injunction was wrongfully obtained, and the judgment sought to be annulled was declared valid, whereas, under the act, it should have been conditioned that the principal shall faithfully deliver the property released or pay the amount of the bond whenever lawfully called upon to do so. Being a judicial bond, however, any surplusage it may contain or the lack of a condition does not have the effect of vitiating it, as "it is well settled that judicial bonds are to be construed by the laws under which they are executed, rejecting surplusage and supplying omissions." Scooler v. Alstrom, 38 La. Ann. 907; Macready v. Schenck, 41 La. Ann. 456, 6 So. 517; St. Charles St. Railroad Co. v. Fidelity & Deposit Co., 109 La. 491, 33 So. 574.

In Speyrer v. Miller, 108 La. 204, 32 So. 524, 61 L. R. A. 781, we read, quoting from the body of the decision at page 211 of 108 La., 32 So. 524, 527, that "bonds given in a judicial proceeding in obedience to or in pursuance of particular provisions of law are not ordinary bonds, and are not governed by ordinary rules. The bondsman on such a bond is held not accordingly as he has bound himself, but accordingly as the law under which the bond was given requires that he should be held." Assuming, then, that we are correct in classifying the bond here under consideration as a release bond authorized by Act No. 109 of 1880, we have the right to discard all surplusage and supply deficiencies, and we are then compelled to construe it in the light, and according to the provisions, of that statute. As already indicated, the condition prescribed by that law is "that the principal in the bond shall faithfully deliver the property or pay the amount of the bond whenever lawfully called upon to do so." Reading that condition in the bond before us, it would seem that before the defendant, C. T. Smith, surety, can be held, plaintiff would have to show that M. H. Smith, the principal, has not delivered the property or that he has not paid the amount of the bond when lawfully called upon to do so. The record is barren of any such proof, and in its absence the defendant herein, surety on the bond, should be discharged from demand now being made on him.

The judgment of the lower court correctly dismissed plaintiff's suit, and it is therefore affirmed.