SLOCOMB ET AT vs. ROBERT.

WESTERN DIST.
October, 1840.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF RAPIDES, JUDGE KING OF THE FIFTH PRESIDING.

SLOCOMB ET AL
vs.
ROBERT.

16L 173
45 351
16 173
109 499

Judicial bonds taken by the sheriff from persons in his custody, must be drawn in the manner authorized by law; and any clauses that are super-added will be rejected, and those omitted supplied.

So, the surety in a bail bond may be relieved at any time, by surrendering the principal to the sheriff before judgment, notwithstanding the tenor of the bond is different.

This is an action on a bail bond. The plaintiffs sued out a writ of arrest against one P. W. Robert, their debtor, who gave bond with the defendant as security, conditioned to appear at the next term of the court, or satisfy any judgment which may be obtained against him. The plaintiffs allege that the debtor failed to comply with the conditions of his bond, that it has become forfeited, and the defendant is bound for their debt. They allege, that their debt is one thousand six hundred dollars. The bond is dated, 25th February, 1839.

The defendant admitted he signed the bond, but averred he had surrendered the principal debtor to the sheriff, in release of his obligation, who was in custody. That he had no notice to produce the debtor to the plaintiffs, and further-more, that the suit is improperly brought on the bond; it could only be done by motion, and ten days notice.

Suit was instituted on the bond in March, 1840, and the sheriff certifies, that the defendant surrendered the principal in the bond, into his custody, the 5th May following.

There was judgment for the defendant cancelling the bond, and the plaintiffs appealed.

*Brent*, for the plaintiffs, argued in support of the action. The court did not require an argument from the other side

*Dunbar* and *Hyams*, contra.

SLOCOMB ET AL
*vs.*
ROBERT.

Judicial bonds taken by the sheriff from persons in his custody, must be drawn in the manner authorized by law, and any clauses that are superadded, will be rejected, and those omitted supplied.

So, the surety in a bail bond may be relieved at any time by surrendering the principal to the sheriff before judgment, notwithstanding the tenor of the bond is different.

*Martin J.,* delivered the opinion of the court.

This is an action on a bond, taken by the sheriff, from P. W. Robert, against whom a writ of arrest had issued. This suit is brought against the defendant, as surety in said bond, who resisted the claim, on the ground that, before any judgment was obtained against him, he had surrendered the principal to the sheriff. There was judgment in his favor, and the plaintiffs appealed.

The conditions of the bond are, that " the said P. W. Robert shall appear at the next term of the court, or satisfy any such judgment as may be rendered against him."

The appellants' counsel has contended, that the conditions of this bond are very different from those of the bond required by the Code of Practice, which provides for the discharge of the surety, on surrendering the principal. The condition of the latter bond is, " that the defendant *shall not depart the state,* or leave the jurisdiction of the court; and that he shall appear to answer to the judgment." *Code of Practice,* 230. It has been urged, that we have often said, " in whatsoever manner a man binds himself, he shall remain bound." This may be true in mere conventional obligations, but not in judicial bonds taken by the sheriff from persons in his custody. In such a case, the sheriff has no power to take any other bond but that which he is authorized by law to take. Any clause which is superadded must be rejected, and any that is omitted supplied.

The bond under consideration is evidently a bail bond, taken to secure the appearance of the defendant, and his forthcoming after judgment if a *capias* be taken against him. The surety, in such a bond, is the friendly keeper of the principal, and may be relieved at any time, by surrendering him to the sheriff before he is fixed by a judgment on the bond; notwithstanding, it provides that the principal debtor shall appear at *the next term* of the court, or satisfy any judgment which may be rendered against him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.