# BAKER et al. v. MORRISON et al.

A return on a *fi. fa.* that, it was impossible to make a demand upon the defendant personally and that no property of his could be found, will authorize the plaintiff to proceed against the surety on a bond given to release property which had been sequestered.

Where a sheriff inserts in a sequestration bond a condition not required by law, the condition will not be binding on the surety. The bond must be construed with reference to the law under which it was taken.

The legal intent of a sequestration bond being, under arts. 279, 280 C. P., to secure the delivery of the property to be applied towards the satisfaction of the plaintiff's claim when adjudged, and the penalty of the bond being inserted to secure the performance of that act, the injury sustained by the plaintiff, on a breach of the condition, will be the value of the property sequestered, which, had it been produced, would have been applied to the payment of his claim; but the mere amount of that claim, without reference to the value of the property sequestered, is not the measure of the injury sustained, nor of the liability of the sureties in the sequestration bond.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *I. W. Smith*, *Labatt* and *Cohen*, for the plaintiffs. *Hornor*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. Under a sequestration issued in the suit of *Baker et al.* v. *Doane et al.*, certain moveables were seized, which were restored to the defendant, *Doane*, upon his giving bond, with *Morrison* and *Deacon* as his sureties, in the penal sum of $2500. The bond recites the levy of the sequestration upon, the goods and their restoration to *Doane*, and then states as the condition: " If the said defendant shall not send the above described property out of the jurisdiction of this court, and that he will faithfully present the same in case he should be decreed to restore the same to the plaintiffs, and shall satisfy such judgment as may be rendered in the suit pending as above mentioned, then this obligation to be void; otherwise, to remain in full force."

In that suit the plaintiffs had judgment against *Doane* and his co-defendant *Bossier*, *in solido*, for $763 83, interest and costs, with privilege on the property sequestered. A *fieri facias* was issued, which was returned by the deputy sheriff as follows: " No money, no property found, after demand of both parties."

The plaintiffs then brought this action against the sureties on the bond, claiming judgment for the amount of the judgment against *Doane*, with interest and costs. The petition contained a prayer for general relief. There was judgment for the plaintiffs according to their prayer, and the defendants have appealed.

At the trial of the cause the defendants offered a deputy sheriff to prove that, during the running of the *fi. fa.* against *Doane*, he was absent from the State, which testimony the court rejected, because it went to contradict collaterally the return. The defendants insist that the testimony was admissible, and if received would have established the physical impossibility of a demand upon *Doane*. We deem it unnecessary to determine the question of admissibility; for, if it was physically impossible to make a demand upon *Doane*, upon a return of the writ to that effect, and also that no property could be found, the right to proceed against the surety would have accrued.

The court below erred in condemning the defendants to pay the amount of the prior judgment, interest and costs. It is true that the litteral terms of the bond authorized such a decree. But it is properly argued for the defendants that the bond must be construed with reference to the law under which it was given, and that the additional condition inserted by the sheriff is not binding upon the surety. This was expressly held in *Welsh* v. *Barrow;* and the opinion of Judge Martin in *Boswell* v. *Lainhart* is to the same effect. The 279th article of the Code of Practice, which grants the right of bonding sequestered property, contemplates a · security equivalent to the value of the goods released. Article 280 declares that the surety shall be responsible, that the defendant shall not send the moveables or slaves out of the jurisdiction of the court; that he shall not make an improper

BAKER
v.
MORRISON.

use of them, and that he will faithfully present them after definitive judgment, &c. A marked difference exists in the provisions of the Code in cases of attachment. There the bond is, "that he [the defendant] will satisfy such judgment as may be rendered against him in the suit pending." Art. 259.

The legal intent of the instrument being to secure the presentation of the property to be applied towards the satisfaction of the plaintiffs' privilege when definitively adjudged, and the penalty of the bond being inserted to secure the performance of that act, upon breach of the condition, the question is, *quantum damnificatus*. The injury sustained by the plaintiffs is the value of the sequestered property, which, if it had been presented, would have been applied to the payment of the plaintiffs' claim. A judgment resting upon the mere standard of the amount of the plaintiffs' claim, without reference to the value of the property sequestered, is, therefore, erroneous.

As we have no evidence of the value of the property, the suit must be dismissed. Under the express terms of the bond the sureties are liable *in solido*.

It is, therefore, decreed that, the judgment of the court below be reversed, and that this cause be dismissed as in case of non-suit; the plaintiffs paying the costs in both courts.