## No. 1421.

ODILE GAUTHIER, WIFE OF A. MARAIST, VS. GABRIEL GARDENAL, SHERIFF, ET ALS.

The defendant in an injunction is entitled to have a bond executed in his favor and signed by plaintiff, or by a duly authorized agent and attorney in fact.

An attorney at law, unless specially authorized, or unless his client is absent, has no authority to sign the bond in an injunction suit for his client.

APPEAL from the Nineteenth District Court, Parish of St. Martin. *Mouton, J.*

*D. W. Voorhies* for Plaintiff and Appellee.

*C. H. Mouton* and *E. Simon* for Defendant and Appellant.

The opinion of the court was delivered by

MCENERY, J.    During the pending of this appeal the plaintiff died and her heirs have been duly made parties.

August Maraist, the husband of the deceased plaintiff in injunction, was indebted to the widow and heirs of Charles St. Germain, and executed a mortgage on certain property to secure said indebtedness.    Aug. Maraist subsequently made a *dation en payment* to his wife of this mortgaged property.    The widow Gauthier obtained a judgment against Maraist and the mortgaged property was seized and advertised to be sold to satisfy the judgment.    Mrs. Maraist enjoined the execution of the judgment.

The plaintiff in execution and defendant in the injunction moved to dissolve the same for several irregularities in the injunction bond.

The motion to dissolve was overruled, and on the merits there was judgment for the plaintiff in injunction, perpetuating the same.

There is only one ground alleged in the motion to dissolve that requires notice. The others are without weight and are untenable.

The injunction bond was signed by plaintiff's attorney. She was a resident of and present in the parish of St. Martin and no authority is shown by which the attorney was empowered to sign the bond for her.

Art. 304 of the Code of Practice requires the plaintiff in injunction to annex to his petition his obligation in favor of the defendant for such sum as the court may determine after having examined what injury the defendant may sustain from such injunction.

The bond is not the obligation of the plaintiff in injunction. She did not sign it or authorize any one to sign it for her. She was not an absentee. The defendant had the right to require a bond from the plaintiff or some one duly authorized to execute it for her. "The attorney at law could only execute the bond in the absence of his client, and the client in this case was not absent." Bank of La. vs. Wilson, 19 An. 3; Goodin and Husband vs. Allen, 12 An. 448.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered and decreed that the injunction herein be dissolved and set aside, and the defendant in injunction do have and receive judgment against plaintiff in injunction for 10 per cent. per annum on the amount of the judgment enjoined and $200 special damages as attorney fees and costs.