PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* VILLAGE OF HOLLY.

MUNICIPAL CORPORATIONS—INCIDENTAL POWERS—INCENDIARIES—
REWARD FOR APPREHENSION.

An incorporated village, authorized to provide for the preservation of public property, and to adopt ordinances and make other regulations for the safety and general welfare of the inhabitants, has power to offer a reward for the conviction of persons who have set fire to buildings within its limits.

Appeal from Oakland; Smith, J. Submitted February 9, 1899. Decided April 4, 1899.

Bill by the people of the State of Michigan, on the relation of Fred A. Maynard, attorney general, against the village of Holly, to restrain the payment of a reward offered for the apprehension of an incendiary. From the decree rendered, complainant appeals. Affirmed.

*Davis & Bromley* and *Sam J. Patterson,* for complainant.

*Charles F. Collier* (*Spaulding, Norton & Dooling,* of counsel), for defendant.

HOOKER, J. The village of Holly offered a reward for testimony that should secure the conviction of the persons who had set fire to certain buildings within its limits, and work was done upon the case by Sargeant and Green, and a deputy sheriff named Botsford. The reward seems to have been earned, and the council passed a resolution that unless, within 10 days, the parties claiming the reward should agree to arbitrate the question of who was entitled to it, the village attorney should cause a bill of interpleader to be filed against them. Nothing was done, however, under this resolution, and some time afterwards

the attorney general filed the bill in this cause to restrain the payment of the reward to the persons named, or any of them. Such persons were not made parties to the suit. A decree was made restraining payment until a judgment should be obtained against the village. The complainant has appealed, and claims that the decree should have allowed a perpetual and unqualified injunction against the payment of the money. As the village has not appealed, we must assume that it is satisfied with the decree, and the only question before us is whether the complainant was entitled to a broader decree.

Holly was incorporated under the general law for the incorporation of villages, which authorizes it to provide for the preservation of public property, and to adopt ordinances and make other regulations for the safety and general welfare of the inhabitants, not inconsistent with the general laws of the State.

The authorities are not harmonious upon the subject of rewards. The Massachusetts courts seem to recognize the existence of an implied power to offer rewards for the apprehension of incendiaries who have destroyed property within the city, from what is called the "general welfare clause." *Freeman* v. *City of Boston*, 5 Metc. (Mass.) 56; *Loring* v. *City of Boston*, 7 Metc. (Mass.) 411; *Mead* v. *City of Boston*, 3 Cush. 404; *Crawshaw* v. *Roxbury*, 7 Gray, 374; *Brown* v. *Bradlee*, 156 Mass. 28 (15 L. R. A. 509, 32 Am. St. Rep. 430). In New Hampshire the authority is expressly conferred. See *Janvrin* v. *Town of Exeter*, 48 N. H. 83 (2 Am. Rep. 185). In Pennsylvania, municipalities have the authority to offer rewards in such emergencies. *Shaub* v. *City of Lancaster*, 156 Pa. St. 366 (21 L. R. A. 691); *Borough of York* v. *Forscht*, 23 Pa. St. 391. 2 Bac. Abr. 147, supports the doctrine that the power to prevent fires is incidental to all municipalities; while Mr. Dillon says:

"The governing body of a municipal corporation (which has express power to protect the property and promote the welfare of its inhabitants) may, it has been held,

offer a reward for the detection of offenders against the general safety of its people, as, for instance, those guilty of the crime of arson within its corporate limits. The contrary doctrine has also been held." 1 Dill. Mun. Corp. (4th Ed.) § 139.

The California supreme court is said to uphold the power, but we are unable to verify it from the citation given. Some of the States deny it. The latest case seems that of *City of Winchester* v. *Redmond*, 93 Va. 711 (57 Am. St. Rep. 822), where authorities supporting it are collected. Of these some apply to other offenses, the commission of which affects the inhabitants of the city only in common with those of the State outside of the city. Thus, in *Baker* v. *City of Washington*, 7 D. C. 134, it was held that the defendant had no authority to offer a reward for the capture of the slayer of President Lincoln. A similar case, involving a reward for murder, is that of *Gale* v. *Inhabitants of South Berwick*, 51 Me. 174. *Patton* v. *Stephens*, 14 Bush, 324, applied the same rule to a reward offered for the apprehension of one who, through forgery, had embezzled the city funds. The case of *Hanger* v. *City of Des Moines*, 52 Iowa, 193 (35 Am. Rep. 266), was another case of reward for the detection of a murderer. *Butler* v. *City of Milwaukee*, 15 Wis. 498, was not a case of arson, and seems to be within the principle of the preceding cases. The rewards in all of these cases are open to the criticism that they were not offered to preserve the welfare of the inhabitants of the municipality, as contradistinguished from those of the general public. The case of *Murphy* v. *City of Jacksonville*, 18 Fla. 318 (43 Am. Rep. 323), is not in point, because governed by a prohibitive statute, which, in the absence of a "general welfare clause" (which does not appear), is a sufficient reason for the decision. *Crofut* v. *City of Danbury*, 65 Conn. 298, is in point, and supports *City of Winchester* v. *Redmond, supra.*

The danger of conflagrations in cities and villages necessitates preventive measures that are not common in

sparsely-settled districts, and such municipalities are authorized to expend large sums for apparatus to extinguish them.    But these only serve to prevent the spread of fires.    A determined incendiary in a city is a menace which cannot be safely disregarded, and may call for more than the ordinary methods to guard against his acts.    We think the "general welfare clause" is sufficiently broad to cover the employment of private detectives, through rewards, in such emergencies.    We consider its exercise as "contravening no provision of the Constitution,    *    *    * and made in the exercise of the police power necessary to the safety of the city," and, we may add, impliedly conferred upon it.    See *Baumgartner* v. *Hasty,* 100 Ind. 580 ( 50 Am. Rep. 830 ).

The decree is affirmed, with costs.

The other Justices concurred.