(2) That as against Maloney the amount claimed is only $200.

We are of opinion that the motion to dismiss should be sustained. The amount claimed from Maloney is, as stated, but $200. As to the other defendants the damages alleged to have been sustained are, for the most part, obviously impossible in fact and in law, inflated, and fictitious, it being apparent upon the face of the record that, if the plaintiff sustained any injury for which damages are recoverable (which we do not wish to be understood as intimating), the amount of such damages is far below that necessary to bring the case within the appellate jurisdiction of this court. City of New Orleans v. Scalzo, 41 La. Ann. 1141, 8 South. 538; Curter v. Addison et als., 44 La. Ann. 425, 10 South. 772; Wolf v. Stewart, 48 La. Ann. 1431, 20 South. 908.

It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed, at the cost of the appellant.

---

(33 South. 574.)

No. 14,102.

ST. CHARLES ST. R. CO. v. FIDELITY & DEPOSIT CO. OF MARYLAND, Limited, et al.

(Feb. 2, 1903.)

INTERVENTION—INJUNCTION—BOND.

1. A plaintiff in intervention, who unites with the defendant in resisting the demand of the plaintiff in the suit, does not thereby become a defendant in the suit, nor can that status be conferred upon him by the court, since a person bringing suit in his individual capacity has the right to determine for himself whom he will sue, and cannot be compelled to sue another against his will.

2. An order authorizing the filing of an intervention, and designating the intervener as a defendant, followed by a judgment on a rule nisi, directing a writ of injunction to issue upon the plaintiff's furnishing bond in favor of the original defendant and of the intervener, is unauthorized in so far as it requires a bond in favor of the intervener, and the latter has no right of action on the bond so given.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; Walter B. Sommerville, Judge.

Action by the St. Charles Street Railroad Company against the Fidelity & Deposit Company of Maryland, Limited, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Harry H. Hall, for appellant. Purnell Mitchell Milner and Dinkelspiel & Hart, for appellees E. J. Dare and Peter Johnson.

Pleadings and Facts.

MONROE, J. Plaintiff appeals from a judgment dismissing its suit on an exception of no cause of action.

The petition is as follows:

"To the Honorable the Judges of the Civil District Court for the Parish of Orleans:

"The petition of the St. Charles St. Railroad Company, a corporation duly organized under the laws of the state of Louisiana, domiciled in this city, and herein represented by its president, Albert G. Phelps, with respect represents:

"That Peter Johnson and E. J. Dare, both of whom reside in this city, and the Fidelity & Deposit Company, a corporation duly organized under the laws of the state of Maryland, and herein represented by its resident agents, Messrs. Warner & Black, are truly and justly indebted unto your petitioner in the full sum of twenty-five hundred dollars, for this, to wit:

"That said Peter Johnson and E. J. Dare, in or about the month of March, 1900, and thereafter, instituted a certain suit against the city of New Orleans, No. 61,683 of the docket of the civil district court, wherein they sought to have decreed null and void Ordinance No. 15,809, Council Series, which, with other ordinances, provided for the sale of franchises or rights of way over certain streets of the city of New Orleans, an important part of which franchises your petitioner had a material interest in having sold promptly and without delay.

"And your petitioner avers that said Johnson & Dare applied for and obtained an injunction against the city of New Orleans prohibiting it from selling the said franchise under the advertisement which, at that time, was being published under and by virtue of the aforesaid ordinance, and of other ordi-

nances fully set out in the petitions above referred to.

"Now your petitioner avers that it intervened in the said suit and made itself a party, with the city of New Orleans, in maintaining the validity of the aforesaid ordinances, and in resisting the said attempt to obtain an injunction prohibiting the sale of the said franchises and rights of way; and that the judge of the said civil district court, having jurisdiction in said case, authorized said intervention and permitted your petitioner to be made a party defendant to said proceedings.

"And your petitioner avers that on the 26th of March, 1900, there was a judgment rendered in said cause, granting a preliminary injunction to plaintiffs, upon their furnishing bond in favor of the city of New Orleans and the said St. Charles St. Railroad Company, in the sum of twenty-five hundred dollars.

"That the said Fidelity & Deposit Company of Maryland is surety thereon, and that the condition of said bond was that the said principal and surety would well and truly pay to your petitioner all such damages as it might recover against them in case it should be decided that said injunction was wrongfully obtained.

"Your petitioner further avers that thereupon an application was made to his honor Fred D. King, judge of the civil district court, Division "B," having jurisdiction of the aforesaid cause, to bond said injunction, and that upon the refusal of said judge to permit the dissolution of said injunction, upon the giving of bond as the law requires, your petitioner employed counsel, who, in the name of the city of New Orleans, applied to the Supreme Court of the state of Louisiana for a mandamus, in the proceeding No. 13,490 of the docket of said court, entitled State ex rel. City of New Orleans against Judge of Division "B," and after due proceedings obtained a mandate and decree compelling the bonding of the aforesaid injunction permitting the sale of the above referred to franchises and rights of way to take place.

"And your petitioner avers that, for the professional services of its legal counsel in resisting the application for said injunction,

and obtaining the said mandate from the Supreme Court, and compelling the bonding of said injunction, it became liable to its said counsel in the full sum aforesaid of $2,500, for professional services, and has agreed to pay the same, and that said services were well worth the said sum.

"And petitioner avers that said counsel fees were, and are, damages contemplated by said bond, and were incurred by reason of said injunction, and that the court has finally decided that said injunction was wrongfully obtained.

"All of which will more fully appear by the above named proceedings, No. 61,683 of the docket of the civil district court, and No. 13,490 of the docket of the Supreme Court, which are made part of this petition, together with the aforesaid bond and judgments of court rendered herein.

"Wherefore petitioner prays that said Peter Johnson, E. J. Dare, and the Fidelity & Deposit Company of Maryland, through its agents, Messrs. Warner & Black, be cited to appear and answer this petition, and that, after due proceedings had, they be condemned, all in solido, to pay to your petitioner the full sum of twenty-five hundred dollars with legal interest, and for costs and all general relief."

It was agreed that the records in the cases of Johnson & Dare vs. The City of New Orleans and State of Louisiana ex rel. City of New Orleans vs. Judge, etc., "which were annexed to and made part of the petition in this case," should not be copied in the transcript, but that the transcript of those cases—already on file in this court—should be used for the purposes of the present appeal.

Those transcripts disclose the following facts, to wit: On March 16, 1900, Johnson and Dare filed a petition in the civil district court praying that the city of New Orleans be enjoined from selling a street railroad franchise, advertised to be sold March 29th, and a rule nisi issued ordering the city to show cause, on March 19th, why the injunction should not issue as prayed for. The rule was not heard on the day fixed, and on March 21st the St. Charles Street Railroad Company filed a petition of intervention, alleging that it had an interest in opposing the

demand of the plaintiffs, setting forth various grounds of opposition, and concluding with the prayer:

"Wherefore this intervening respondent prays that this, its intervention and answer, be filed, that it may be made a party defendant to this suit, that, after due proceedings had, the plaintiffs' demand be rejected, and for costs, etc." On the petition so filed, the judge a quo made the following order: "Let the prayer of the St. Charles St. R. R. Co. to be permitted to intervene be granted, and let the said intervener be made a party defendant to this proceeding."

On the following day the application for injunction was argued by counsel representing the "plaintiffs," the "defendants," and the "intervener," respectively. On March 26th there was judgment ordering that "a preliminary injunction issue * * * enjoining the sale of the franchise, * * * upon plaintiffs' giving bond, in favor of the city of New Orleans and the St. Charles Street Railroad Company, in the sum of $2,-500, conditioned as the law directs;" and on the same day bond was furnished, and the injunction issued accordingly. The city thereupon, invoking a special statute under which it is entitled to relief without furnishing bond, in cases in which bonds are ordinarily required, moved that the injunction be dissolved as on bond, and, the motion having been denied, applied to this court for a writ of mandamus, which, after hearing, was granted, and the judge a quo ordered to dissolve the injunction as prayed for in the motion, and it was so done. Thereafter the defendant, the city of New Orleans, answered to the merits, and the railroad company, on April 2d, also appearing for the purposes of the merits, filed another intervention, identical in terms with that which had been filed for the purposes of the rule nisi, and obtained an order similar to that previously obtained. There were also at different times other pleadings filed by the other litigants, including a motion by the plaintiffs that the intervention of the railroad company, which had been styled an "intervening answer," should be stricken out, on the ground that "an intervener cannot appear by way of answer, and no petition having been filed, and no service having been made upon these plaintiffs, said St. Charles St. R. R. Co. has no standing and should not be allowed to participate in the trial." Upon this motion, and upon the plaintiffs' objection that the railroad company should not be allowed to participate in the trial, the judge a quo made the following ruling, to wit:

"The St. Charles Street Railroad Company filed a petition of intervention on March 21, 1900, and joined the defendant in the defense of the suit, on the application before the court for a preliminary injunction. The court considers that, as far as that petition is concerned, counsel have argued the matter brought before the court, not objecting to the want of citation, the objection is not well taken, and that the petition of intervention is properly before the court. The petition * * * filed April 2, 1900, is a petition of intervention in this case, in which the intervener, the St. Charles Street Railroad Company, joins the defendant in the defense of this suit. The court considers that the intervener has the right to intervene, and that it is a petition in which it joins one of the parties in the defense of the suit; but the court considers that this petition of April 2, 1900, should be served upon the plaintiffs in this suit. * * * The court refuses the motion * * * to strike out the petition of intervention. The court, however, decides that the petition must be served upon the interveners (plaintiffs), and knows of no ruling to make, unless the service is accepted, except to continue the case in order to have the petition properly served."

After reserving a bill to this ruling, the counsel for the plaintiffs accepted service of the intervention, and the trial proceeded, with the result that there was judgment perpetuating the injunction as originally issued, condemning the "defendant" (the city of New Orleans) to pay the costs, and dismissing the "intervention" at the cost of the "intervener," and both the defendant and the intervener appealed. In this court the judgment appealed from was reversed, the injunction was finally dissolved, and the demands of the plaintiffs were rejected at their cost, it being also held that there is, and can be, "no such thing as an intervening answer, by a third person, in a case pending between others," that "intervention can

only be by petition and citation, as prescribed by Code Prac. art. 393," and that the railway company was "merely an intervener in the suit, uniting with the defendant in resisting the claims of the plaintiffs." Johnson et als. v. City of New Orleans, 105 La. 149, 29 South. 355.

## Opinion.

A person acting in his individual capacity has a right to determine for himself whom he will sue, and, though the court in which it is brought may conclude that the action cannot be maintained as against the defendant whom the plaintiff has selected, or that it cannot be maintained as against such defendant without joining other parties as codefendants, and, so holding, may dismiss it, or may leave it optional with the plaintiff to make the proper parties, or else go out of court, we know of no authority by which a plaintiff, in either of the cases mentioned, can, by an order of court naming a defendant other than the one named by him, be forced into the position of suing a person as against whom he has not elected, and does not choose, to bring suit. Upon the other hand, where a particular plaintiff has brought suit against a defendant selected by him, a third person having an interest justifying such action may intervene and join him in claiming the same thing or something connected with it, or he may unite with the defendant in resisting the plaintiff's demand, or, if his interest so requires, he may oppose both the plaintiff and the defendant. Code Prac. art. 389.

"The judge cannot refuse to admit an intervention, but he must pronounce on its merits at the same time that he decides the principal action; if the demand be not sustained, the person intervening shall be decreed to pay the incidental costs." Code Prac. art. 394. "The plaintiff in intervention must institute his demand before the court in which the principal action has been brought; being considered as plaintiff, he must follow the jurisdiction of defendant." Id. art. 392. "The intervention must be formed by a petition. * * * This petition must be served on the party against whom it is directed, in order that he may answer to the same in the delay given in ordinary suits." Id. art. 393.

It follows from this that, whilst an intervener is "considered as plaintiff" in so far as that he must follow the jurisdiction of the defendant, he is nevertheless a "plaintiff in intervention" who "fights for his own hand," and that, as he does not lose his identity in that of the original plaintiff, neither does he lose such identity in that of the original defendant; and it also follows that, whilst the trial court was without authority to deny to the railway company the right to intervene in the suit of Johnson et al. vs. City of New Orleans, it was equally without authority, by ex parte order or otherwise, to confer upon the company so intervening the status of a defendant in that suit. Nor does it appear that such was really the purpose, since, although the order allowing the company to intervene contained the words, "and let the said intervener be made a party defendant in this proceeding," the subsequent rulings of the court on the motion to strike out, in which the position of the intervener was clearly defined, and in the final judgment, in which the city of New Orleans alone is condemned, as "defendant," indicate that the judge a quo did not consider that the company occupied any other position than that to which it was entitled under the law, to wit, that of "plaintiff in intervention," uniting with the defendant in the cause in resisting the demands of the plaintiffs in the cause. This being the case, there was no authority for requiring a bond in favor of the company, or for issuing an injunction upon a bond so given. The law requires that the bond in such cases shall be conditioned "to secure the payment of such damages as may have been sustained by the defendant, in case it should be decided that the injunction had been wrongfully obtained." Code Prac. art. 304. And, as the only authority which the judge could exercise in the premises is derived from the law, his exaction of a bond other than as so required was unauthorized, and the bond, to the extent that it goes beyond the statute, can be given no effect. "It is well settled that judicial bonds are to be construed by the laws under which they are executed, rejecting surplusage, and supplying omissions." Schooler v. Alstrom, 38 La. Ann. 90; Ricks v. Gantt, 35 La. Ann. 923; Nugent v. McCaffrey, 33 La. Ann. 272; Slocomb v.

Robert, 16 La. 174; Baker v. Morrison, 4 La. Ann. 373; R. R. Co. v. Barksdale, 15 La. Ann. 465; Macready & Burke, Executors, v. Schenck et als., 41 La. Ann. 463, 6 South. 517.

It may be remarked in this connection that, by Act No. 103 of 1870, Ex. Sess. (to be found in the Acts of 1871, p. 18), it is provided:

"That, in all cases of arrest, attachment, sequestration and provisional seizure, in which bonds are required to be given by the plaintiff, previous to the issuance of the writ, the bond so given shall be made payable to the clerk of the court which issues the writ, and the defendant, as well as every person, party to the suit, or injured by the issuance of the said writ, shall have recourse thereon against the principal and sureties on the bond, for any damages they may sustain in case such writ should have been wrongfully issued; and, in case the plaintiff should cause the writ to issue against certain specified property, the bond shall inure to the benefit of any and all persons interested in such property."

There is, however, no such provision concerning injunction bonds.

If it were true, in law and in fact, that the railroad company had acquired the status of a defendant in the suit in which the bond here in question was given, it would without doubt be entitled to maintain this action. and the orders of the district court, purporting to give it that status, taken in connection with the order authorizing the injunction to issue upon the giving of a bond in its favor, and with the action of the plaintiff in furnishing that bond agreeably to such order, and thereby obtaining an injunction, presents a case which, as a matter of first impression, would seem to entitle it to be heard for the purposes of the claim now asserted. But, as we have seen, the plaintiff was not a defendant in the suit of Johnson et als. vs. The City of New Orleans, and none of the orders made by the district court had, or could have had, the effect of giving it that status. The particular order under which the bond was furnished was, therefore, in effect, that, as a condition precedent to the obtention of an injunction, the plaintiffs should furnish a bond, not only in favor of the defendant the city of New Orleans, but of an intervener, whereas the law under which, alone, any bond could have been required, provides that such bond shall be given in favor of the defendant. The position of the plaintiff in the instant case is not materially different from what it would have been if the bond sued on had been given under an order requiring the plaintiff in injunction to furnish bond in favor of the defendant and of any other parties who might sustain damage from the wrongful issuance of the writ, and the plaintiff now before the court, without having intervened at all, were seeking to enforce the obligations of the bond so furnished. If, however, it be true that we must read out of a bond of this character that which the law neither requires nor authorizes, it is plain that there would be nothing left to support such an action.

Being of opinion, then, that the plaintiff has no right of action on the bond, it is unnecessary to consider what damages it might have been entitled to recover if such right existed.

Judgment affirmed.