PROVOSTY, J.
The police jury of the parish of Red River, finding that its license tax of $5,000 upon retailers of spirituous liquors was being evaded, passed an ordinance offering a reward of $50 to any one furnishing evidence for the conviction of the offenders, and the present suit is an injunction of this ordinance by citizens and taxpayers who say the powers of the police jury are limited and defined, and do not include the authority to pass such an ordinance.
The police jury admits that it possesses only such powers as are granted either expressly or by necessary implication, but says that the authority to pass the ordinance in question is necessarily conveyed in the power with which it is vested by section 2743 of the Revised Statutes of 1876 to impose taxes and to “make all such regulations as it may deem expedient * * -* to regulate the police of taverns and houses of public entertainment, and shops for retailing liquors, and to impose whatever tax they may see fit on all keepers of grogshops,” etc.
The contention of the plaintiffs is, in substance, that the power of the police jury is confined to the adoption of regulations, and does not extend to seeing that the regulations are carried out.
This would be, we think, a too narrow construction. To regulate the police of a tavern is not merely to adopt a regulation, but also to enforce the regulation after it is adopted. It would hardly be contended that a municipality charged with the duty of regulating the police of its taverns could not employ officers to see that the regulations adopted for the good order of the taverns were carried out. The offering of a reward for the conviction of offenders is in reality nothing more than the accomplishing of the same thing by a different means.
The judgment appealed from is set aside, and the plaintiffs’ suit is dismissed, at their cost.