(44 South. 795.)

No. 16,796.

STATE ex rel. ROGERS et al. v. PARSONS, Dist. Atty.

In re ROGERS et al.

(Oct. 21, 1907. ·Rehearing Denied Nov. 4, 1907.)

1. MANDAMUS — To DISTRICT ATTORNEY — WHEN LIES.

In a proper case this court will review a judgment by writ under its supervisory power, even though the case be appealable; and such a proper case is manifestly presented where the district attorney has refused to bring an intrusion into office suit, and the judge has refused to mandamus him to do so, and the term of office of the officer sought to be proceeded against will run out before relief could be had by means of an appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 9.]

2. SAME—LIMITATIONS—EXPIRATION OF TIME TO PERFORM ACT—EFFECT OF APPEAL.

By the perfecting of an appeal the case is transmitted to the appellate court, and the trial court is deprived of all jurisdiction over it; hence it is then too late to invoke the supervisory power of the Supreme Court for compelling the trial court to change its judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 283.]

(Syllabus by the Court.)

Application by the state, on the relation of John M. Rogers and others, for a writ of mandamus to J. W. Parsons, district attorney. Application dismissed.

Hall & Jack, for relators. Respondent judge, pro se. Respondent district attorney, pro se. Pugh, Thigpen & Foster, for respondents.

PROVOSTY, J. In the exercise of power apparently conferred upon him by law, the Governor removed from office the members of a school board and appointed a new board. The latter qualified by taking the oath of office, and were about to enter upon the discharge of the duties of the office, when the old board obtained an injunction against their doing so. The matter came to this court, and this court held that the proper course for the new board to have pursued was to have brought a suit against the old board under the intrusion into office act. Jackson v. Powell, 119 La. 882, 44 South. 689. Intrusion into office suits have to be brought by the district attorney in the name of the state, and accordingly the new board applied to that officer to bring for them such a suit. He refused to do so, and they obtained a rule against him to show cause why he should not be ordered to bring the suit. After hearing, the court dismissed the rule, and the plaintiffs in rule, the new board, obtained and perfected from the judgment dismissing the rule an appeal to this court; and the transcript of said appeal is now lodged in this court, and the case is fixed to be heard on November 8, 1907.

But, fearing that said appeal will be too slow a remedy, the new board, plaintiffs in rule and appellants, have instituted in this court the present proceeding, wherein they ask this court to mandamus the district judge to make peremptory the mandamus asked for against the district attorney. The ground of the application is that the old board will otherwise remain in office to the end of their official term, and the Governor's power of removal and appointment of public officers be frustrated, and this to the great detriment of the public interest. The district judge was ruled to show cause why the mandamus should not issue; and for cause he shows that, in the first place, the mandamus proceeding against the district attorney has already been decided by him on the merits,

and that mandamus will not issue to control the decision of a judge on the merits, and that, in the second place, after an appeal has been obtained and perfected, the trial court is deprived of all jurisdiction of the case, except for the limited purpose of transmitting the record to the appellate court, and that, therefore, even if he now desired to change his judgment and issue the mandamus prayed for, he would be powerless to do so.

In a proper case the first of these reasons would stand little in the way of the exercise of the supervisory control of this court. State ex rel. City v. Judge, 52 La. Ann. 1276, 27 South. 697, 51 L. R. A. 71. And we have no hesitation in saying that this is pre-eminently a proper case. But the second reason presents an insurmountable obstacle to our extending to the relators the relief they are so clearly entitled to. The supervisory power of this court, however sweeping, cannot legislate, and cannot (to borrow the apt phrase of the return of the learned respondent judge) "work miracles"; and something of that kind would have to be done in order that the trial judge should be made to reverse his judgment in a case which has gone to the appellate court, and therefore passed beyond his reach. State ex rel. Jennings-Heywood Oil Syndicate v. De Baillon, Judge, 113 La. 572, 37 South. 481.

This court, therefore, reluctantly acknowledges its powerlessness in the premises, and dismisses the present application; relator to pay costs.