BREAUX, C. J.
The plaintiffs, alleging that they are citizens, residents, real estate owners, and taxpayers of the city of Shreveport, attack an ordinance of the police jury on the ground of illegality.
The ordinance attacked provides for a reward of $50 to any person who will furnish sufficient evidence to convict for any violation of the prohibition law in any prohibition ward, payable upon the conviction of the person reported.
Plaintiffs also aver that the parish board of school directors agreed with the police jury to pay for the rewards it paid and for evidence in cases of violation of prohibition laws. “Said fines aggregating approximately $15,000 or over” that sum.
They allege want of authority in the police jury to pay for detective service.
Furthermore, plaintiff’s contention is that the ordinance creates a debt without provision made for its payment, and that rewards are offered for a violation of a state law, and not for a violation of an ordinance of the police jury.
The complaint, further, is that over $2,000 have been paid for rewards by the police jury and the school board, and that, unless *975 restrained by an injunction (for which they pray in their petition) the police jury and the school hoard will continue to pay out public funds.
A rule nisi was issued. No cause of action and misjoinder were pleaded by way of exceptions.
These exceptions were overruled and the preliminary injunction prayed for was issued.
To which defendant filed a motion to dissolve on the following grounds:
That the injunction bond was signed by plaintiffs’ attorney at law and not by plaintiffs, although they were present.
The plaintiffs tendered a new bond of in junction, properly signed.
The court dissolved the injunction and condemned plaintiffs to pay $50 fee of attorneys as a penalty.
Thereafter plaintiffs petitioned for new writs of injunction, and furnished required bond.
The defendant moved to dissolve the second injunction on the ground that one bond had been furnished; that two bonds — that is, one bond for each plaintiff — should have been furnished.
The court correctly held that the plaintiffs complied with its order, and overruled the motion.
The injunction, after due trial, was sustained against the school board, but dissolved as to the police jury.
The school board appealed, also the plaintiffs.
Here plaintiffs have moved to dismiss the appeal on the ground that the appeal bond furnished by the school board is fatally defective in form.
Motion to Dismiss.
We take up in the first place for decision the illegal bond just above referred to.
The school board, under the law, is not obliged to furnish a bond of appeal. It is exempted by statute from that formality. Act No. 173 of 1902.
The board in furnishing bond was simply going beyond the requirements of the law.
Furnishing the illegal bond did not have the effect of waiving the benefit conferred by statute.
The motion to dismiss is overruled.
The Exceptions.
We pass the exceptions, first of misjoin-der and of no cause of action, as to the former, with the comment that the two corporations — the school board and the police jury — were acting together, it was alleged, in violating the law. It was a joint act — a common cause on the part of the defendants.
If it was as alleged, both these bodies were conniving together and disposing of funds paid by the taxpayers.
We, therefore, do not think that there was misjoinder. As to the exception of no cause of action, that question will come up in considering the issues.
On Motion to Dissolve the Injunction.
This motion relates to the first injunction, as before stated.
No legal bond having been furnished, as before stated, the district court could not do less than to dismiss the injunction.
The attorney was absolutely without authority to sign for his clients.
This is not disputed; therefore the first injunction was properly dissolved, but plaintiffs’ contention at this point is that they had a right to an injunction; that they ought to be allowed to furnish another bond.
A legal bond should have been furnished; it is a condition for an injunction to issue.
The first bond was an absolute nullity; the writ of injunction, therefore, was equally as null.
If plaintiffs in injunction were permitted *977 to obtain an injunction on such a bond, and afterward, on objection, it was declared null, and then all that a plaintiff in injunction would have to do would be to furnish another bond, it would open the door to the possibility of obtaining an injunction without the least regard to the law’s requirement; any bond would answer at first.
Counsel cite decisions in which it was held that another injunction can issue.
The decisions cited are without application where the one seeking to enjoin has failed to comply with one of the most essential formalities in matter of obtaining an injunction.
If there was an irregularity — an oversight possibly — and it were evident that plaintiffs in injunction had a right to a writ then the decisions cited would be controlling.
Such is not the case in this instance, for the nullity is absolute and cannot be cured in the manner it was proposed by plaintiffs.
On dissolution of the first injunction, the court condemned the plaintiffs in injunction to pay a $50 fee.
It may be that such damages have never heretofore been allowed, as contended' by plaintiffs; that is, plaintjffs’ contention is that, in cases quite similar, the court remained satisfied after dissolving the injunction, and did not impose damages.
The failure to allow such damages cannot very well be pleaded as a precedent. In the decision cited by plaintiff in injunction the matter of damages does not seem to have been insisted upon.
The amount allowed does not appear to be over the amount which may be allowed a defendant who succeeds in setting aside an injunction in a case similar to that at bar.
The fee is recovered by the defendant at whose instance the injunction is dissolved. He is the creditor, and not the attorney of-the person enjoining for the fee.
True, the police jury and the school board have their counsel. For that reason, we are not inclined to hold that the defendants-ought to be treated differently than the client in other cases who has regular- retained counsel. In either case, it is evident that services have been rendered for which defendants in injunction are entitled to recover, if not for the attorneys, for themselves. It is sufficient if.the services have been rendered for which there should be compensation.
In the following case a fee was allowed: Gauthier v. Gardenal, 44 La. Ann. 884, 11 South. 463.
Fifty dollars was the amount allowed altogether. We must decline to amend the judgment in this respect.
The police jury has adopted an ordinance, as alleged by plaintiffs.
Plaintiffs alleged that on the 11th day of March, 1909, the chairman of the finance committee of the school board of directors appeared -before the- police jury on behalf of said school board, proposed and agreed that the school board should reimburse the police jury all amounts paid to parties for evidence and conviction in cases of violation of prohibition laws when the amounts are paid to the school board.
This is not contested, but conceded.
Opinion — Citation of Decisions on the Merits and Decree.
The police jury has the power to enact ordinances to prohibit the sale of intoxicants in Caddo parish.
If, in the exercise of a sound discretion, the police jury offered a reward, it cannot be held very well that it, as a local legislative body, has not that power and authority.
A similar ordinance was legal. Carnes v. Police Jury, 110 La. 1011, 35 South. 267.
The statute (section 2743 of the Revised Statutes) confers upon the police jury the “power of regulating,’’ as relates to the subject in hand. ,
*979 That authority can exercise powers delegated expressly or “such as are necessarily implied from or incidental to powers expressly granted.” State v. Miller, 41 La. Ann. 53, 5 South. 258, 7 South. 672.
The plaintiffs do not gain strength by the interpretation they seek to have placed on paragraph 11 of section 2743 of the Revised Statutes.
These are our reasons for holding as we do:
The police jury has the power to appoint all officers “necessary to carry into execution the parish regulation,” and, in addition, it has the implied power to which we have referred above.
The contention of plaintiffs in injunction is that it should impose upon its own officers the duty of detecting offenders — those who violate their ordinances.
One does not exclude the other. It is not because it has the power to appoint officers that it does not have the power to exercise any right incidental to the main power in regard to prohibition.
It may still offer rewards for the information necessary to convict offenders.
We must say it would .be entirely reasonable and proper if the police jury would consider it improper to place any of its officers in the position of informers.
It should not be thought of.
But the offering and paying rewards to those who have no name or reputation is resorted to in case of necessity to detect wrongdoing. It sometimes is an efficient way of finding out who are violating the law.
Asserted Violated Ordinance.
The state law provides the penalty for violating the law in prohibition parishes. The police jury did not have the authority to act, but it could offer a reward for detecting who violated its ordinance.
It had no authority to provide a system of rewards for denouncing violations of the state criminal laws — that would be entirely beyond its powers — but it had the authority to reward those who furnished information against those who violated its ordinances despite the fact that the prosecution is conducted in the name of the state.
The authority is especially recognized in People v. Holly, 119 Mich. 637, 78 N. W. 665, 44 L. R. A. 677, 75 Am. St. Rep. 435.
We hold absolutely that, although a prosecution is in the name of the state, if it included a violation of an ordinance of the police jury, it had the authority to offer a reward. It had not passed an ordinance making it an offense to sell liquor without a license, it had passed an ordinance offering a reward for furnishing evidence to convict.
It had no authority to go further; it had authority to go to that extent.
The next of plaintiffs’ contentions is that no provision for the payment of the fine was made in the ordinance creating the debt. In other words, that the indebtedness fell within the terms of section 2448 of the Revised Statutes, and could not legally be paid; that police juries must manage to get along on a cash basis.
That is very correct in principle, but it cannot always be applied in practice.
We do not think that the cited section of the Revised Statutes applies. Por the debt comes within the current criminal or incidental expenses, to meet which provision had been made in the annual budget.
It is not possible to make provision from day to day to meet current expenses. Other provision is made for paying these expenses: that is, the budget of the police jury includes an item to meet charges for enforcing police regulations.
In Laycock v. City, 35 La. Ann. 481, in the first opinion of the court in that case, the position taken by plaintiff was held a sine quo non; it was positively decided that no expense was to be incurred unless provi *981 sion was made for its payment, as required by section 2448, Rev. St., before cited.
On the rehearing, the rule announced in the first opinion was recalled, and the court held in positive and direct terms that in matter of current expenses the police juries could not be held to a strict compliance with the cited section.
In another decision, this court said:
“Hence, we feel safe to conclude that the contract under discussion is not amenable to the provision contained in section 2443 of the Revised Statutes.” Cole v. City of Shreveport, 41 La. Ann. 839, 6 South. 688. See, also, N. O. Has Co. v. City, 42 La. Ann. 188, 7 South. 559.
The following is excerpted from Am. & Eng. Enc. of Law, vol. 20, p. 1174, referring to the exception to which we refer:
“But a valid debt may be created by a city without complying with such provision, where it has a fund on hand applicable to the payment of such debt, and out of which it contemplated that the debt should be paid.” r
As Relates to the School Board.
The school board acts under express delegated powers. The funds it receives are to be expended for school purposes.
The first law in this state requiring fines and amounts recovered on forfeited bonds to be paid to the school board was Act No. 81 of 1888, drafted by the writer. As to section 55 of the Act No. 81, of 1888, he felt some concern at the time.
The act has been amended since and in many respects changed. Some of the sections have been incorporated in subsequent acts; among these, section 64 of Act No. 214 of 1902, which is a literal copy of Act No. 81 of 1888, expressly referring to the use to be made of the funds.
These funds are not to be diverted to the payment of any other expense. They must be expended for school purposes, and thereby all that the violators of the law pay goes toward teaching the youth to become worthy members of society.
Furthermore, the school board is not authorized in any statute to offer a reward. The purposes for which it is organized is educational and should have naught to do with offering rewards for informers.
By reason of the law and the evidence being in favor of appellee, the judgment appealed from is affirmed, at the costs of the applicants.