SOMMERVILLE, J.
The judgment of the district court -in this case was rendered and signed February 13, 1912. On the same day, *914 by motion in open court, plaintiff, moved for a devolutive appeal to this court on giving bond in the sum of $150. The order of appeal was granted and entered on the minutes of the court a quo on the same day; the bond was fixed at $150. The appeal was made returnable to this court on or before the first Monday in April, 1912. The transcript was not filed here on the return day, or within three days thereafter; and no extension of the return day was applied for or granted.
No bond was furnished by the plaintiff and appellant in accordance with the order of the court.
On February 8, 1913, almost a year after the taking of the first appeal, the plaintiff applied for a second devolutive appeal, which was made returnable on March 21, 1913, upon plaintiff furnishing bond in the sum of $100. This bond was furnished; and the transcript was filed here on the return day mentioned.
Defendant, appellee, now moves the court to dismiss this last appeal on the ground that plaintiff, appellant, abandoned its appeal, which was made returnable on the first Monday in April, 1912.
It is argued on behalf of appellant that the first devolutive appeal taken in the case was not perfected by furnishing the bond required by the order of the court granting the appeal; and that it had a right to a second appeal.
[1 ] It is argued on behalf of defendant, appellee, that said appeal was perfected; that plaintiff, the board of commissioners of the Fifth Louisiana levee district, is a state board, and that it is dispensed from giving appeal bonds, and that the appeal was perfected immediately upon the issuing of the order of appeal, and fixing the return day to this court.
Act No. 173 of 1902 provides that state, parish, and municipal boards or commissions exercising - public power, -or administering public functions, shall not be required to furnish any bond, whether of appeal or otherwise, in any judicial proceedings instituted by or against said board or commission. As the levee' boards of this state are clearly state boards, as indicated in the Constitution, in the statutes of the Legislature, and in the decisions of this court, plaintiff was clearly exempted from giving an appeal bond; and its appeal in this case was perfected by the court granting the appeal, on its motion, and fixing the return day to this court.
[2] Where an appeal bond is not required, the appeal is ipso facto immediately perfected by the order granting it In the case of Luchini v. Police Jury, 126 La. 975, 53 South. 68, 21 Ann. Cas. 59, we held that the defective bond given by defendant there did not waive its right of appeal without bond; and we maintained the appeal.
[3] The first appeal in the case having been perfected on the granting of the order of the appeal, and fixing the return day, and plaintiff having failed to file the transcript in this court on the return day, or within three days thereafter, in the absence of an application for an order of extension of time in which to file the transcript, it abandoned its appeal; and no other appeal can be allowed. The trial judge had no further jurisdiction in the case. C. P. 575, 587; Girod v. Monroe Brick Co., 127 La. 328, 53 South. 582; Cox v. Hope Shingle & Lumber Co., 130 La. 231, 57 South. 899; State ex rel. Rogers v. Parsons, 119 La. 955, 44 South. 795; State ex rel. Jennings-Heywood Oil Syndicate v. Judge, 113 La. 572, 37 South. 481.
[4, 5] That portion of plaintiff’s motion for an appeal which asked that it be allowed to furnish an aiipeal bond, and that portion of the court’s order directing plaintiff to furnish bond, are without effect. They *916 were unauthorized conditions, which could not be enforced in a suit on the bond. Slocomb v. Roberts, 16 La. 173; Baker v. Morrison, 4 La. Ann. 372; Welsh v. Barrow, 9 Rob. 535; St. Charles Street Railroad Co. v. Fidelity & Deposit Co., 109 La. 491, 33 South. 574.
The appeal is dismissed.