On Motion to Dismiss.
 

 LAND, J.
 

 On February 18, 1925, the Commissioner of Conservation obtained from the Second judicial district court for the parish of Webster “a temporary injunction,” closing two oil wells in said parish, owned and operated by defendants, a copartnership, on the ground that natural gas was being permitted to escape in the open air under conditions that constituted a waste of said gas, in violation of the laws of the state, and the rules and regulations of the Department of Conservation.
 

 At the time of the granting of said “temporary injunction,” the district judge also issued a rule directing defendants to show cause on February 24, 1925, “why a permanent injunction should not issue as prayed for, or the temporary injunction should not be perpetuated.” In answer to the rule, defendants filed a motion to dissolve the injunction and an exception attacking the constitutionality of Conservation Act 253 of 1924, under which the “the temporary injunction” had been issued.
 

 After hearing on the rule, the matter was taken under advisement by the court until March, 5, 1925, and “the preliminary writ,” after being modified so as to permit-the two wells to be opened under the supervision and direction of the Commissioner of Conservation, was continued in force until March 5, 1925. On said date, defendants filed an answer. At the hearing on March 5, 1925, the exception to the constitutionality of Act 253 of 1924 was overruled, the motion to dissolve was referred to the merits, the trial proceeded with until the conclusion of the evidence, and the case was assigned for argument and submission on March 16, 1925. On said date, a final judgment dissolving the preliminary writ after trial on the merits was rendered and signed, and plaintiff in open court was granted a devolutive appeal, with bond in the sum of $200, and a suspensive appeal, with bond, in the sum of $25,000, returnable to the Supreme Court on March 31, 1925.
 

 On March 27, 1925, plaintiff, with express reservation of all rights under the order of
 
 *423
 
 appeal granted March 16,1925, applied to the district judge for a supplemental order granting him as Conservation Commissioner appeals to this court devolutive and suspensive, without bond, as provided by law under Act 173 of 1902.
 

 The order was granted on said date as prayed for, and the appeal was made returnable on April 13, 1925. On March 31, 1925, the original return day, plaintiff obtained an extension from this court until April 7, 1925, in order to enable the clerk of the lower court to complete and file the transcript, which was lodged here April 6, 1925.
 

 Defendant has moved to dismiss the appeal, or, in the alternative, prays that the suspensive appeal be dismissed, for the following reasons:
 

 “1st. That no appeal bond, suspensive or devolutive, has been furnished and that appellant is not exempted by law from furnishing bond.
 

 “2nd. That although denominated a preliminary injunction, the original order in this case was issued without notice and without a hearing, and was in fact and in law a restraining order, and could not be appealed from after hearing and dismissal thereof.
 

 “3rd. That orders of appeal were asked for and granted on the day judgment was entered, namely March 16th, 1925; that the order of appeal provided for a $25,000 bond for suspensive appeal and gave the return day as March 31st, 1925; that on March 27th, 1925, appellant prayed for and was granted new orders of appeal, without bond and the return day extended; mover avers that the lower court was without jurisdiction to grant orders of appeal more than ten days after
 
 entry
 
 of the order or decree; that, therefore, this appeal should be dismissed.
 

 “4th. In the alternative, mover avers that no suspensive appeal is permitted appellant under the law pertaining to injunctions, particularly Act 29 of 1924, of the Legislature of the State of Louisiana.”
 

 (1) The case has been tried upon the merits after answer filed, and after evidence adduced, and a final judgment has been rendered dissolving “the preliminary injunction,” and dismissing as of nonsuit defendants’ reconventional demand for damages for attorney’s fees for the dissolution of the writ, and with special reservation to defendants of the right to sue plaintiff for all damages sustained by the wrongful issuance of the injunction in this case.
 

 Section 5 of Act 29 of 1924 applies expressly to appeals from “interlocutory decrees” dissolving preliminary writs of injunction upon a hearing. Said section has no application to final judgments dissolving an injunction upon a trial of the merits and disposing of the issues of the case.
 

 In Young et al. v. Village of Bossier City, 152 La. 18, 92 So. 719, the court said: “It is immaterial what might or might not have. been plaintiff’s right to appeal had the injunction been dissolved by interlocutory judgment, on rule or otherwise. In the case before us, there was, as above shown, a final judgment, disposing of the whole case on the merits, from which judgment plaintiff was entitled to an appeal as a matter of right. C. P. art. 565. And having a right of appeal, the law itself regulates the effect to be given to such appeal. The suspensive appeal is the rule (C. P. art. 575); the nonsuspensive appeal the exception (C. P. art. 580). That is to say some judgments may not be appealed at all. C. P. arts. 566, 567. But when appealable a judgment may always be appealed from suspensively, unless it come within one of the excepted classes.”
 

 
 *425
 
 A suspensive appeal, therefore, lies of right from the final judgment dissolving the injunction in this case.
 

 (2) The injunction proceeding is brought by the Commissioner of the Department of Conservation, who is charged with the special duty of enforcing the laws of the state enacted for the protection and conservation of its natural resources.
 

 The Department of Conservation is exempt from furnishing bonds for appeals under the express provisions of Act 173 of 1902, section 1, which provides that “State, parish and municipal Boards or Commissions exercising public power or administering public functions shall not be required to furnish any bond whether of appeal or otherwise in any judicial proceedings instituted either by or against said Boards or Commissions.”
 

 The appeal in this case is not prosecuted, by W. J. Everett in his individual capacity, but as Commissioner, or executive officer, of the Department of Conservation. It is therefore an appeal by a state department or public commission, and may be taken without the necessity of giving bond.
 

 Martin v. Board of Fire Commissioners, 132 La. 188, 61 So. 197, 44 L. R. A. (N. S.) 68; Const. 1921, art. 5, §§ 1, 20; art. 6, § 1; Act Nos. 224, 252 and 253 of 1924.
 

 (3) The district judge in requiring bond for appeal in this case evidently acted through inadvertence, and simply went beyond the requirements of the law. If the bonds had been furnished by plaintiff commission, it would not have had the effect of waiving the benefit of appeal without bond conferred by the statute. Luchini v. Police Jury, 126 La. 972, 53 So. 68, 21 Ánn. Cas. 59.
 

 In Board of Commissioners v. Howard Land & Timber Co., 132 La. 914 and 915, 61 So. 868, 869, the court said: “Where an appeal bond is not required, the appeal is ipso facto immediately perfected by the order granting it. In the case of Luchini v. Police Jury, 126 La. 975, 53 So. 68, 21 Ann. Cas. 59, we held that the defective bond given by defendant there did not waive its right of appeal without bond; and we maintained the appeal. ® * *
 

 “That portion of plaintiff’s motion for an appeal which asked that it be allowed to furnish an appeal bond, and that portion of the court’s order directing plaintiff to furnish bond, are without effect. They were unauthorized conditions, which could not be enforced in a suit on the bond. Slocomb v. Robert, 16 La. 173; Baker v. Morrison, 4 La. Ann. 372; Welsh v. Barrow, 9 Rob. 535; St. Charles Street Railroad Co. v. Fidelity & Deposit Co., 109 La. 491, 33 So. 574.”
 

 It is true that the first appeal in the case had been perfected on the granting of the order of the appeal March 16, 1925, and the fixing of the return day March 31, 1920. If plaintiff had failed to file the transcript iii this court on the return day, or within three days thereafter, it would have abandoned its appeal, in the absence of an application for an order of extension of time in which to file the transcript; but plaintiff on March 31, 1925, obtained such order from this court extending the return day to April 7th, and- the transcript was filed here April 6th, within the limit of the time as extended.
 

 The appeal was perfected and intact on March 27, 1925, when the supplemental order was procured by plaintiff, and the extension of the return day, which was obtained seasonably, was all that was required. C. P. arts. 575, 578.
 

 Such supplemental order was an unnecessary precaution, as the unauthorized condi
 
 *427
 
 tions in the original order requiring bond for appeal were without effect.
 

 The motion to dismiss is therefore overruled.