BARROW
vs.
KING.

BARROW *vs.* KING.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

When there has been no previous demand and notice to the third possessor
of mortgaged premises, an order of seizure and sale cannot be maintained.

This is an injunction suit.    The plaintiff alleges he pur-
chased a tract of land from one Richd. King and James Bowie,
who obtained the same from Lemuel Tanner.   That Tanner
had sued out an order of seizure and sale against the land,
he being the third possessor, without making any previous
demand or giving him notice thereof, and that the defend-
ant, Richard King, was carrying it on for Tanner's benefit.
He prays for an injunction to prohibit said executory pro-
ceeding, and that it be made perpetual.

The defendant pleaded a general denial.

On receiving the evidence, the allegations in the petition
were proved.   Judgment being for the plaintiff, perpetuating
the injunction, the defendant appealed.

*Taylor,* for the plaintiff.

*J. Slidell* and *Ives,* for the appellant.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff and appellee complains that he is disturbed
in the possession of a tract of land, by a seizure made by the
sheriff of the parish of Terrebonne, under color of an order
of seizure and sale, obtained by one Tanner against King and
Bowie.   He avers that the proceedings are irregular, that he
never had any notice, according to law, and that he is a
third possessor of the premises, and can only be proceeded
against in the forms regulating the hypothecary action.
He further alleges that Richard King, the appellant, one of
the original defendants, for whose benefit the proceeding is

EASTERN DIST.
May, 1857.

now carried on against him, is his warrantor, and cannot enforce the pretended mortgage on the land.

Upon this petition an injunction was issued, staying proceedings on the order of seizure, and the defendant, King, answered by a general denial. The injunction was perpetuated, and the defendant appealed.

No previous demand of the original debtor, and no notice to the plaintiff, according to law, are shown, and it is clear the proceedings are irregular. Without inquiring in this case, whether King be precluded from enforcing the mortgage on the land in the hands of Barrow, on the ground of warranty, or whether the exception of warranty can be opposed to him, a question which it is not necessary to settle in this case, we concur in opinion with the court below, that the injunction ought to be made perpetual.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.