Iusdey, J.
A meeting of tho creditors of the succession of George S. Guión, having, iqjon tho application of the administrator, an order of the Judge, been duly held, the procos-'verbal of their deliberations was returned to the Court, and the homologation thereof, and a sale of the succession property in conformity thereto, prayed for. . . ..
The prayer of the administrator was opposed by the'appellants, and from a judgment against them upon thoir opposition, they have appealed.
The appellees h.n-.i moved in this Court to dismiss the appeal, on two grounds:
1. That the appeal bond does not comply with the requisites of the law byreciting, “or that tl:e same shall be satisfied by the proceeds of the sale of his estate, real and personal, etc.,” as required by Aitiele 571 of the Code of Practice; and
2. That the bond is made in favor of the administrator alono, and not in favor of the creditors, who, in the present instance, are really the only parties haviug interest.
I. Judicial bonds must be construed, with reference to the law under which they are given; any clause which is superadded must be rejected, and any that is omitted supplied. 12 An. 69. 4 An. 3. 11 La. 174 and 196.
II. It is contended by the appellant, that the bond was properly made in favor of the administrator, who represents them until their claims *82 are settled in concurso; but the Court entertaining some doubt as to the necessity of mating the creditors parties in the present case, well maintained the appeal. 10 A. 235. 2 A. 434.
On the merits—the opposition to the homologation of the proceedings of the meeting of the creditors, rested on two grounds :
1. That the opponents are prejudiced by the'appraisement of the property, made on the 24th November, 1865.
2. That they are entitled to have the tracts of la-nd sold in parcels, and not in block, as required by the other creditors.
There are two bills of exception taken by the opponents to the refusal of the Court to allow them a trial by jury, and to receive evidence offered by them to sustain the second ground, and to show that a sale of the property, in parcels, 'would be more advantageous than one made in block.
The ruling of the Court, in both points excepted to, was correct.
Proceedings of this nature must be tried summarily by the Court, (755 757 and 1036 C. P.,) and the evidence offered being irrelevant and useless, was properly excluded.
The meeting of the creditors was called in pursuance of Articles 1160 of the Civil Code, and of 1038 of the Code of Practice, and the succeeding Article 1039, contemplates that the deliberations of creditors convened by virtue of the preceding article, shall be homologated in the same manner as if it were a procedure in bankruptcy, and that the Court will pronounce summarily on such opposition as shall be made.
This Court, in the case of Neare v. Fontenet, 2 An. 784, intimated that Article 1039 of the Code of Practice, had reference to the insolvent acts of 1817, and the acts amending it, and we are of the opinion that it alluded to the insolvent law of 1817, which was the only one in operation when the Code of Practice was promulgated in September, 1825.
By the acts of 1817, as well as by the existing law, in relation to voluntary surrenders, the opinion of the majority of the creditors, in amount, for the sale or disposal of the property surrendered, or for any other object relative to the interest of the mass of the creditors, shall prevail to give such deliberations of the creditors legal effect, in regard to sales of property, they must be homologated by a judgment of the Court (2 A. 784); but the opinion of the majority, in amount, will prevail' in fixing the mode, terms and conditions of such sales, unless successful opposition is made on account of some irregularities or illegality in the proceedings at the meeting of the creditors, and the Court very properly rejected the opposition, and adopted the opinion of the creditors, in amount, as the basis of its judgment of homologation, and for a sale of the property in-conformity to the said opinion, and according to law.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be and the same is hereby affirmed, the costs of appeal to be paid by the appellants.