———o———

## No. 4658.

### Court of Appeal, Parish of Orleans.

## BURKENROAD-GOLDSMITH CO., LTD., VS. GEO. ELLIOTT AND MRS. M. A. CAIN.

1. Creditors who have not assented to the debtor' respite may require that the debtor shall furnish security that the property of which the debtor is left in possession shall not be alienated, or in case it is, that the money arising from the sale or mortgage shall be employed in paying ratably the debts existing at the time of the respite.

2. The bond as given is authorized by a particular law and is hence a judicial bond.

3. The effect of judicial bonds and the extent of the surety's obligation must be tested by and interpreted in accordance with the law authorizing or directing them to be taken. That which is superadded must be rejected and that which is omitted, supplied.

4. The creditor who has a privilege resulting from the nature of his debt is exempt from the operation of the respite proceedings and under the law can not be deprived by the respite of the right of seizing the property on which he has a privilege.

5. The legal seizure of the property of a respited debtor to satisfy a privilege debt and the application by a court of the funds arising from the sale of the seized property to satisfy such debt, is not such an "alienation" of his property and diversion of the proceeds of sale as is contemplated by Article 3093 C. C., as constituting a breach of the obligation of the bond.

Appeal from Civil District Court, Division "E."

F. F. Teissier, for Plaintiff and Appellee.

J. Q. Flynn, for Defendant and Appellant.

MOORE, J. George Elliot petitioned for and obtained a respite. One of his creditors, plaintiff company, to which he was indebted in the sum of $227.84, and which had not assented to

the respite, ruled Elliot to show cause why he should not furnish security for mover's claim, "conditioned according to law," and upon the same being so ordered the following bond was executed:

No. 80508, Division "D."

Civil District Court, Parish of Orleans.

## GEORGE ELLIOT VS. HIS CREDITORS.

"In accordance with the order of this Honorable Court under date of February 26th, 1907, I shall be surety to Messrs. Burkenroad-Goldsmith Company, Limited, in the sum of two hundred and twenty-seven and 84-100 dollars, conditioned that the property in the possession of George Elliot, plaintiff herein, shall not be alienated, or, in case it is, that the money arising from the sale of said property shall be used in liquidating said indebtedness, existing at the time of the respite.

"New Orleans, La., February 4th, 1907.

"MRS. MARY ANN CAIN."

Thereafter Elliot's lessor of the building in which Elliot was conducting his business,. personally seized the contents of the store for rent due therefor, under a contract of lease commencing on the 1st October, 1905, and ending the last day of September, 1907, and, having obtained judgment on his claim, executed the same with the result that the entire proceeds of the sale was absorbed to pay this claim, which was a privileged one, leaving the plaintiff and the other creditors without means of payment out of the property of their debtor.

The lease under which the proceeding stated was had, existed at the time of the respite, the rent being due and demandable monthly.

Conceiving that the levy by the lessor on the debtor's property to secure the rent due, and the absorption of the entire fund arising from the sale of the debtor's property to satisfy this claim, was a breach of the condition of the bond which plaintiff had obtained, the plaintiff company sued the principal and surety thereon for the entire amount of its claim, and from

a judgment in their favor accordingly, the defendants take this appeal.

The property of the debtor who has obtained a respite is not hypothecated by reason of the respite, for the payment of the mass of the debts, unless the respite has been granted on the express condition that the hypothecation shall exist, which was not the express condition in the instant case; therefore, when Elliot obtained his respite he was authorized to continue his business in the usual and customary manner. Creditors, however, who may not have assented to the respite had the right to require that he shall furnish security "that the property of which he is left in possession shall not be alienated, or in case it is, that the money arising from the sale or mortgage shall be employed in paying ratably the debts existing at the time of the respite." C. C. Art. 3093 as amended by Act 134 of 1888.

It was under the authority of this particular law that the plaintiff corporation applied for and obtained the bond. The bond is, therefore, a judicial bond, hence the rule "that as one binds himself he shall remain bound," which applies to mere conventional obligations, finds no place in determining the extent of the obligation of a judicial bond. The effect of judicial bonds must be tested by the law authorizing or directing them to be taken. That which is superadded must be rejected and that which is omitted supplied. 16 La. 173, 188; 9 R. 535; 4 A. 373; 7 A. 539, 570; 12 A. 68; 2 La. 398; 5 M. 629; 19 A. 81; 11 La. 174, 196.

"A bond taken under a particular law, must be construed by it and casual insertion of an additional condition not contemplated by it, will not bind the surety." Hen. Dig. Vol. 2 p. 1543 No. 4.

This at once disposes of the contention that the bond must be construed so as to extend its obligation beyond the terms of the law.

Under the clear terms of the Article of the Code *supra* the extent of the obligation of a bond given thereunder is that the property left in the possession of the debtor is not to be alienated, "or in case it is, that the money arising from the sale shall be employed in paying *ratably* the debts existing at the time of the respite."

—203—

If the plaintiff can recover at all the extent to which it would be entitled is the proportion which its debt bears to the mass of the debts existing at the time of the respite.

"The object of the law (Art. 3093 C. C.) is to recure to the obligee of the bond the share to which he may be entitled in the distribution of the property of the debtor, as the common pledge of his creditors." Nicholls ys. His Creditors, 11 A. 38.

As already stated, there existed at the time the respite was applied for a written lease between Elliot and his landlord, which lease would not expire until about eleven months subsequent to the date of the application for the respite. For the payment of this rent the lessor had a right of pledge on the movable effects of the lessee which were found on the property leased; C. C. Art. 2705.

As such privilege creditor, the lessor was exempted from the operation of the respite proceedings and under the textual provision of the law, C. C. Art. 3095, cannot be deprived by the respite of the right of seizing the property on which he had a privilege.

It was, therefore, not necessary that this claim be mentioned on the schedule. As was said in Block Co. vs. Jeffries, 46 A. 1110, "The place leased was necessary for the debtor to carry on his mercantile pursuits, and by consenting to the respite, and the carrying on of these pursuits, the creditors necessarily consented to the continuance of the lease and the payment of its price." As it was not necessary to put the claim on the schedule, its omission cannot form a basis for estoppel. If any rent was due him at the time and was not paid, he could have enforced his pledge to secure payment and this to the prejudice of all the ordinary creditors. If subsequent the rent for the continuing period of the lease should fall due and remain unpaid, as was the case, the lessor had the right to, and did, enforce his lien to secure the payment of the rent; if the respite had been granted on the express condition that the property of the debtor should be hypothecated for the payment of the mass of the debts, the lessor would still have his right and this right he possessed to no less a degree because of a bond being required by a dissenting creditor.

Hence it is that if a respited debtor who has been required to furnish security under Art. 3093 C. C., is thus judicially

dispossessed of his property to satisfy a pledge resulting from the nature of the debt and one, as in this case, which existed before, at the time of and since the respite, and he is, by operation of law, rendered powerless to employ the money arising from the sale of his property which has thus been levied upon, "in paying ratably the debts existing at the time of the respite," it cannot be said that is an "alienation" of his property in the sense of Art. 3093 C. C. and a breach of the obligation of his bond if he does not so employ the proceeds of sale.

Under the circumstances of this case and the law as applicable thereto, the plaintiff cannot recover and the judgment appealed from must be reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside, avoided and reversed and the plaintiff's petition dismissed at its costs in both courts.

Reversed.

March 8th, 1909.

Rehearing refused March 22nd, 1909.

Writ denied by Supreme Court April 27th, 1909.